UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**ROBERT DAVIS,**
    Plaintiff**,**

v.

**JOCELYN BENSON**, in her official and individual capacities as the Detroit City Clerk,
**CATHY M. GARRETT,** in her official and individual capacities as the Wayne County Clerk,
    Defendants.

Case No. 20-cv-

**Hon.**

_____/

**ANDREW A. PATERSON (P18690)**
Attorney for Plaintiff
2893 E. Eisenhower Pkwy
Ann Arbor, MI 48108
(248) 568-9712
aap43@outlook.com
_____/

## COMPLAINT AND JURY DEMAND

**NOW COMES** Plaintiff, ROBERT DAVIS, by and through his attorney, ANDREW A. PATERSON, and for his Complaint and Jury Demand ("Complaint"), states as follows:

### I. NATURE OF PLAINTIFF'S CLAIMS

1. Plaintiff's claims are brought pursuant to 42 U.S.C. § 1983; 28 U.S.C. §§ 1331, 1337, 1343, and 1367; and, the Declaratory Judgment Act, 28 U.S.C. § 2201, *et. seq.*

## II. JURISDICTION AND VENUE

2. This Court has jurisdiction over Plaintiff's claims pursuant to 42 U.S.C. 1983; 28 U.S.C. §§ 1331, 1332, 1337, 1343, and 1367.

3. This Court also has jurisdiction to render and issue a declaratory judgment pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, *et. seq*.

4. Venue is proper in the Eastern District of Michigan under 28 U.S.C. § 1391(b)(1). Under 28 U.S.C. § 1391(b)(1), venue is proper in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located." Upon information and belief, all of the named Defendants are residents of the State of Michigan or have a place of business in the State of Michigan, and at least one of the Defendants reside in the Eastern District of Michigan. Therefore, venue is proper within the Eastern District of Michigan under 28 U.S.C. § 1391(b)(1).[1]

---

[1] Under 28 U.S.C. § 1391(b)(1) venue is proper in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located." Furthermore, under 28 U.S.C. § 1391(c)(2), a corporation is deemed to reside "in any judicial district in which such defendant is subject to the court's personal jurisdiction." The determination of the proper venue for a civil action in federal court is "generally governed by 28 U.S.C. 1391." *Atlantic Marine Const. Co. v U.S. District. Court for W.Dist. of Texas*, 571 U.S. 49, 55 (2013). "[T]he court must determine

5. All events giving rise to the causes of action pleaded and alleged herein occurred in the Eastern District of Michigan.

### III.  PARTIES

6. Plaintiff repeats, realleges and incorporates, the foregoing allegations, as though fully set forth and stated herein.

7. Plaintiff, Robert Davis ("**Plaintiff Davis**" or "**Plaintiff**"), is a resident and registered voter of the City of Highland Park, County of Wayne, State of Michigan. Plaintiff Davis voted in the August 4, 2020 primary election.

8. Defendant, Jocelyn Benson ("**Defendant Secretary of State**"), is the duly elected Secretary of State for the State of Michigan. Defendant Secretary of State "the chief election officer of the state" with "supervisory control over local election officials in the performance of their duties under the provisions of" the Michigan Election Law, MCL 168.1 *et seq*. Mich. Comp. Laws §168.21.

9. Defendant, Cathy M. Garrett ("**Defendant County Clerk**"), is the duly elected Clerk for the County of Wayne. As the duly elected county clerk, Defendant County Clerk statutorily serves as the

---

whether the case falls within one of the three categories set out in 1391(b). If it does, venue is proper[.]" *Id*. at 55.

secretary of the Wayne County Election Commission and is the filing official who receives certain affidavit of identities, nominating petitions and filings for certain elected offices. Additionally, Defendant County Clerk is statutorily responsible for maintaining records filed under the Michigan Campaign Finance Act by certain candidate, ballot question, and political action committees.

10. An actual controversy exists between the Plaintiff and the named Defendants.

## CAUSES OF ACTION

### COUNT I
**Mich. Comp. Laws §169.247 Is Unconstitutional, On Its Face and As Applied, For It Violates Plaintiff Davis' First Amendment Right To Print And Distribute Anonymous Political Literature.**

11. Plaintiff repeats, realleges and incorporates, the foregoing allegations, as though fully set forth and stated herein.

12. This claim is brought by Plaintiff Davis against Defendant Secretary of State, in her official and individual capacities, and Defendant County Clerk, in her official capacity, pursuant to 42 U.S.C. § 1983 and the Declaratory Judgment Act, 28 U.S.C. § 2201, *et. seq*.

13. This claim, which is brought by Plaintiff Davis against the Defendant Secretary of State, in her official and individual capacity, and Defendant County Clerk, in her official capacity, seeks prospective declaratory and injunctive relief.

14. On August 4, 2020, Plaintiff Davis voted in the democratic primary election and voted for Victoria Burton-Harris for Wayne County Prosecutor.

15. According to unofficial results published by the Defendant County Clerk, Victoria Burton-Harris was defeated by Wayne County Prosecutor Kym Worthy for the democratic nomination for the office of Wayne County Prosecutor.

16. Plaintiff Davis does not believe Kym Worthy's name should have been printed on the August 4, 2020 primary election ballot as a candidate for the office of Wayne County Prosecutor due to Kym Worthy's blatant violations of Michigan Election Law.

17. Plaintiff Davis believes that Kym Worthy's political connections and relationships with Wayne County Circuit Court Chief Judge Tim Kenny, Defendant County Clerk, and members of the Wayne County Board of Election Commission allowed Kym

Worthy to keep her name on the August 4, 2020 primary election ballot.

18. There are multiple pending legal actions seeking to challenge the votes cast for Kym Worthy in the Wayne County Prosecutor's race.

19. If Kym Worthy is allowed to remain on the ballot for the impending November 3, 2020 general election as the democratic nominee, Plaintiff Davis will support and vote for the presumptive republican nominee Shane Anders for the office of Wayne County Prosecutor in the November 3, 2020 general election.

20. Plaintiff Davis desires to immediately begin to print, distribute and have circulated anonymous political literature that will be critical of Kym Worthy, Defendant County Clerk, and Wayne County Circuit Court Chief Judge Kenny for their actions that resulted in Kym Worthy's name improperly appearing on the August 4, 2020 primary election ballot.

21. Plaintiff Davis' anonymous political literature will also inform the electorate how Wayne County Circuit Court Chief Judge

Kenny's political judicial decisions have adversely affected the impending November 3, 2020 general election.

22. Plaintiff Davis' anonymous political literature will also detail how Wayne County Circuit Court Chief Judge Kenny's rulings in election-related matters have allowed certain democratic officials violate the law and court orders in an effort to boost voter turnout amongst democratic voters in the upcoming November 3, 2020 general election.

23. Plaintiff Davis desires to print, circulate, and have distributed anonymous political literature prior to the November 3, 2020 general election and prior to the local clerks issuing absentee ballots for the November 3, 2020 general election.

24. Plaintiff Davis will **not** be acting **independently** in exercising his First Amendment right to print, distribute and have circulated anonymous political literature that will be critical of Kym Worthy, Defendant County Clerk, and Wayne County Circuit Court Chief Judge Kenny.

25. Plaintiff Davis fears that he will be retaliated against by Wayne County Prosecutor Kym Worthy and Wayne County Circuit

Court Chief Judge Kenny, and their supporters, if Plaintiff Davis is required to put his name on the campaign literature as the sponsor of the literature.

26. Plaintiff Davis has received calls from Kym Worthy's surrogates, including but not limited to Kym Worthy's chief of staff, Donn Fresard, who is the husband of Wayne County Chief Judge Pro-Tem Judge Patricia Fresard.

27. Kym Worthy's supporters have sent word and subtle threats to Plaintiff Davis through mutual acquaintances warning Plaintiff Davis that Wayne County Prosecutor Kym Worthy is "going to get him."

28. Due to these threats and Kym Worthy's position of influence as the Wayne County Prosecutor, Plaintiff Davis does not want to have to put his name or be required to form a committee under Michigan's Campaign Finance Act.

29. Plaintiff Davis wants to immediately begin printing and distributing the anonymous campaign literature for the impending November 3, 2020 general election.

30. Mich. Comp. Laws §169.247(1) states:

>(1) Except as otherwise provided in this subsection and subject to subsections (3) and (4), **a billboard, placard, poster, pamphlet, or other printed matter having reference to an election, a candidate, or a ballot question, shall bear upon it an identification that contains the name and address of the person paying for the matter.** Except as otherwise provided in this subsection and subsection (5) and subject to subsections (3) and (4), if the printed matter relating to a candidate is an independent expenditure that is not authorized in writing by the candidate committee of that candidate, in addition to the identification required under this subsection, the printed matter shall contain the following disclaimer: "Not authorized by any candidate committee". **An individual other than a candidate is not subject to this subsection if the individual is acting independently** and not acting as an agent for a candidate or any committee. This subsection does not apply to communications between a separate segregated fund established under section 55 and individuals who can be solicited for contributions to that separate segregated fund under section 55. (emphasis supplied).

31. Mich. Comp. Laws §169.247(6) makes it a crime for a person to print and distribute anonymous campaign literature.

32. Mich. Comp. Laws §169.247(6) provides:

>(6) A person who knowingly violates this section is guilty of a misdemeanor punishable by a fine of not more than $1,000.00, or imprisonment for not more than 93 days, or both.

33. Plaintiff Davis is fearful that Defendants, Kym Worthy and Wayne County Circuit Court Chief Judge Kenny would cause Plaintiff Davis to be prosecuted under Mich. Comp. Laws

§169.247(6) if Plaintiff Davis proceeded with printing, circulating, and having distributed the anonymous campaign literature.

34. Because Kym Worthy currently serves as the Wayne County Prosecutor and has a legal duty under Michigan Election Law and Michigan Campaign Finance Act to prosecute violations of either statute, Plaintiff Davis has a legitimate fear of being prosecuted if he chose to exercise his First Amendment right to print, circulate and have distributed anonymous campaign literature that is critical of Kym Worthy, Defendant County Clerk and Chief Judge Kenny.

35. Although Plaintiff Davis is prepared and able to commence printing and distributing the anonymous campaign literature, Plaintiff Davis cannot proceed with printing and distributing the anonymous campaign literature due to the provisions of Mich. Comp. Laws §§169.247(1),(6).

36. Defendants Secretary of State and County Clerk have the statutory duty to enforce the provisions of Mich. Comp. Laws §§169.247(1),(6) and neither Defendant Secretary of State or

Defendant County Clerk have indicated that they would not enforce the provisions of Mich. Comp. Laws §§169.247(1),(6).

37. Mich. Comp. Laws §§169.247(1),(6), violates Plaintiff Davis' First Amendment right to engage in "anonymous" political speech.

38. Mich. Comp. Laws 169.247(1),(6), on its face and as applied to Plaintiff Davis, violates Plaintiff Davis' First Amendment right to engage in "anonymous" political speech.

**WHEREFORE**, Plaintiff Davis requests this Court enters judgment against Defendants Secretary of State and County Clerk as follows:

a. compensatory damages in whatever amount above $75,000.00 Plaintiff is found to be entitled;
b. an award of exemplary and punitive damages;
c. an award of interest, costs and reasonable attorney fees under 42 USC §1988;
d. a declaration that Mich. Comp. Laws §169.247 on its face and as applied to Plaintiff, is unconstitutional for its provisions violate Plaintiff Davis' First Amendment right to print and distribute anonymous campaign literature;
e. enjoin Defendants Secretary of State and County Clerk from enforcing the provisions of Mich. Comp. Laws §169.247 for they violate Plaintiff Davis' First Amendment rights to print and distribute anonymous campaign literature; and
f. an order awarding whatever other equitable relief appears appropriate at the time of final judgment.

## COUNT II
**Plaintiff Davis' Procedural and Substantive Due Process Rights Were Violated By Defendant Secretary of State With The Unilateral Mailing of Unsolicited Absentee Voter Application.**

39. Plaintiff repeats, realleges and incorporates, the foregoing allegations, as though fully set forth and stated herein.

40. This claim is brought by Plaintiff Davis against Defendant Secretary of State, in her official and individual capacities, pursuant to 42 U.S.C. § 1983 and the Declaratory Judgment Act, 28 U.S.C. § 2201, *et. seq.*

41. On August 4, 2020, Plaintiff Davis voted in the democratic primary election.

42. Plaintiff Davis physically went to his assigned polling location in the City of Highland Park and voted in person in the primary election held on August 4, 2020.

43. Plaintiff Davis did **not** vote by absentee ballot in the August 4, 2020 primary election because he feared that the **unsolicited** absentee voter **application** Defendant Secretary of State mailed to him in May 2020 was unlawful and improper and would be subject to a legal challenge.

44. On Wednesday, May 27, 2020, Plaintiff Davis, as a registered voter of the state of Michigan, received, through the U.S. postal mail, an **unsolicited** absentee voter **application** from the Defendant Secretary of State at Plaintiff Davis' home address.

45. Plaintiff Davis did **not** request, verbally or in writing, for the Defendant Secretary of State or his local city clerk to send Plaintiff Davis an absentee voter application for the upcoming August 2020 primary and the November 2020 general elections.

46. The absentee voter application Plaintiff Davis received in the mail at his home on May 27, 2020 from the Defendant Secretary of State was **unsolicited**!

47. Plaintiff Davis believes that the Defendant Secretary of State's actions of mailing out **unsolicited** absentee voter **applications** to Plaintiff Davis and other registered voters **in the certain cities and townships** were unlawful and violates Mich. Comp. Laws §168.759(5) and the Michigan Court of Appeals' holding in *Taylor v Currie*, 277 Mich. App. 85; 743 NW2d 571 (2007), *lv denied,* 483 Mich. 907; 762 NW 2d 169 (2009).

48. Defendant Secretary of State's unlawful actions of mailing an **unsolicited** absentee voter **application** to Plaintiff Davis and to other registered voters in certain communities were arbitrary and capricious and in violation of state law.

49. Proof of Defendant Secretary of State's actions were arbitrary and capricious, never before has the Defendant Secretary of State or any of her predecessors mailed **unsolicited** absentee voter **applications** to registered voters.

50. Defendant Secretary of State has stated publicly that she mailed **unsolicited** absentee voter **applications** to registered voters in **certain** communities was necessary due to the COVID-19 pandemic.

51. However, Michigan Election Law grants exclusive authority over the process of applying for and the issuance of absentee ballots to local city and township clerks and **not** the Defendant Secretary of State.

52. Under Michigan Election Law, the Defendant Secretary of State has no role in processing or issuing applications for absentee ballots.

53. Under Mich.Const.1963, art. 2, § 4(1)(g), Plaintiff Davis has a constitutional right to vote by absentee ballot without having to provide a reason.

54. Under Mich.Const.1963, art. 2, § 4(1)(g), Plaintiff Davis has a constitutional right to **apply** to vote by absentee ballot in any election held in the City of Highland Park.

55. Under Michigan Election Law, a registered voter must **first request**, either verbally or in writing, from their local city or township clerk an application to vote by absentee ballot.

56. Under Mich. Comp. Laws §168.759(5), Plaintiff Davis has a statutory right to request, verbally or in writing, an absentee ballot application from his local city clerk.

57. Neither the state constitution nor any provision of Michigan Election Law grants the Defendant Secretary of State the authority to mail an **unsolicited** absentee voter **application** to Plaintiff Davis.

58. Under Michigan's Constitution and Michigan Election Law, it is Plaintiff Davis' right to choose whether to request, either

verbally or in writing, an absentee voter from Plaintiff Davis' local city clerk.

59. Defendant Secretary of State denied Plaintiff Davis his state constitutional and statutory right to request, either verbally or in writing, an absentee voter application from his local city clerk.

60. Because Plaintiff Davis believed that the Defendant Secretary of State's actions of mailing an **unsolicited** absentee voter **application** to Plaintiff Davis were unlawful and illegal, Plaintiff Davis did not feel comfortable using the **unsolicited** absentee voter **application** the Defendant Secretary of State mailed him and instead, chose to vote in person for the primary election held on August 4, 2020.

61. Based upon Defendant Secretary of State's recent public comments and legal pleadings filed on the Defendant Secretary of State's behalf in other pending legal matters, Plaintiff Davis believes Defendant Secretary of State will attempt to mail **unsolicited** absentee voter **applications** to registered voters, including Plaintiff Davis, in certain communities for the upcoming November 3, 2020 presidential general election.

62. Plaintiff Davis was told confidentially by political insiders that for the impending November 3, 2020 presidential general election, Defendant Secretary of State was going to mail **unsolicited** absentee voter **applications** to registered voters, like Plaintiff Davis, who voted in person at the August 4, 2020 primary election and/or who did not return an absentee voter application to their local city or township clerks.

63. Defendant Secretary of State denied Plaintiff Davis his due process rights by denying Plaintiff Davis his state constitutional and statutory right to choose whether to request, either verbally or in writing, an absentee voter application from his local city clerk.

64. Plaintiff Davis has a protected property interest under Michigan Election Law and the Michigan Constitution to choose whether to request, either verbally or in writing, an absentee voter application from his local city clerk.

65. Defendant Secretary of State's unlawful actions denied Plaintiff Davis his procedural due process rights as guaranteed

under the Fourteenth Amendment of the United States Constitution.

66. Defendant Secretary of State's unlawful actions denied Plaintiff Davis his substantial due process rights as guaranteed under the Fourteenth Amendment of the United States Constitution.

**WHEREFORE**, Plaintiff Davis requests this Court enters judgment against Defendant Secretary of State as follows:

> a. compensatory damages in whatever amount above $75,000.00 Plaintiffs are found to be entitled;
> b. an award of exemplary and punitive damages;
> c. an award of interest, costs and reasonable attorney fees under 42 USC §1988;
> d. a declaration that Plaintiff Davis' procedural due process rights have been violated by Defendant Secretary of State;
> e. a declaration that Plaintiff Davis' substantive due process rights have been violated by Defendant Secretary of State;
> f. a declaration that Defendant Secretary of State does not have the authority under Michigan's Constitution and/or Michigan Election Law to mail unsolicited absentee voter applications;
> g. an injunction enjoining the Defendant Secretary of State from mailing unsolicited absentee voter applications to registered voters; and
> h. an order awarding whatever other equitable relief appears appropriate at the time of final judgment.

Dated: August 9, 2020	Respectfully submitted,

*/s/ ANDREW A. PATERSON*
ANDREW A. PATERSON (P18690)
Attorney for Plaintiff
2893 E. Eisenhower Pkwy
Ann Arbor, MI 48108
(248) 568-9712
aap43@outlook.com

## JURY DEMAND

Plaintiff, through counsel, respectfully demands a jury trial on all issues triable to a jury.

Dated: August 9, 2020	Respectfully submitted,
*/s/ ANDREW A. PATERSON*
ANDREW A. PATERSON (P18690)
Attorney for Plaintiff
2893 E. Eisenhower Pkwy
Ann Arbor, MI 48108
(248) 568-9712
aap43@outlook.com