UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT DAVIS,
    Plaintiff,

Case No. 20-cv-12130
Hon. MARK GOLDSMITH

v.

JOCELYN BENSON, in her official and individual capacities as the Detroit City Clerk,
CATHY M. GARRETT, in her official and individual capacities as the Wayne County Clerk,
    Defendants.
_____/

ANDREW A. PATERSON (P18690)
Attorney for Plaintiff
2893 E. Eisenhower Pkwy
Ann Arbor, MI 48108
(248) 568-9712
aap43@outlook.com

JANET ANDERSON-DAVIS (P29499)
Attorney for Defendant Cathy Garrett
500 Griswold, 21st Floor
Detroit, MI 48226
(313) 347-5813
Jandersn@waynecounty.com

ERIK GRILL (P64713)
HEATHER MEINGAST (P55439)
Assistant Attorneys General
Attorneys for Secretary of State Benson
P.O. Box 30736
Lansing, MI 48909
(517) 335-7659
grille@michigan.gov
meingasth@michigan.gov
_____/

## AFFIDAVIT OF ROBERT DAVIS

NOW COMES ROBERT DAVIS, a natural person, being first duly sworn and deposed, and under the penalty of perjury states the following:

1. That I am the plaintiff in the above-entitled matter.

2. That I am a registered and qualified voter in the City of Highland Park.

3. That I am an employee of the State of Michigan and I have been considered and characterized as a well-known political and community activist.

4. That I voted in the August 4, 2020 democratic primary election.

5. That I voted in person at my voting precinct in the August 4, 2020 democratic primary election.

6. Plaintiff Davis physically went to his assigned polling location in the City of Highland Park and voted in person in the primary election held on August 4, 2020.

7. That I did **not** vote by absentee ballot in the August 4, 2020 primary election because I feared that the **unsolicited** absentee voter **application** Defendant Secretary of State mailed to me in May 2020 was unlawful and improper and would be subject to a legal challenge.

8. On Wednesday, May 27, 2020, as a registered voter of the City of Highland Park and the State of Michigan, I received, through the

U.S. postal mail, an **unsolicited** absentee voter **application** from the Defendant Secretary of State at my home address.

9. I did **not** request, verbally or in writing, for the Defendant Secretary of State or his local city clerk to send Plaintiff Davis an absentee voter application for the upcoming August 2020 primary and the November 2020 general elections.

10. Prior to the August 4, 2020 primary election, I was told by a state election official that I could not request an absentee voter application from my local clerk since I had received an unsolicited absentee voter application from the Defendant Secretary of State.

11. Prior to the August 4, 2020 primary election, I was advised by a state election official that I had to use the unsolicited absentee voter application mailed to me by the Defendant Secretary of State.

12. The absentee voter application I received in the mail at my home on May 27, 2020 from the Defendant Secretary of State was **unsolicited!**

13. I believe that the Defendant Secretary of State's actions of mailing out **unsolicited** absentee voter **applications** to me and

other registered voters **in the certain cities and townships** were unlawful and violates Mich. Comp. Laws §168.759(5) and the Michigan Court of Appeals' holding in *Taylor v Currie*, 277 Mich. App. 85; 743 NW2d 571 (2007), *lv denied*, 483 Mich. 907; 762 NW 2d 169 (2009).

14. Defendant Secretary of State's unlawful actions of mailing an **unsolicited** absentee voter **application** to me and to other registered voters in certain communities were arbitrary and capricious and in violation of state law.

15. Proof of Defendant Secretary of State's actions were arbitrary and capricious, never before has the Defendant Secretary of State or any of her predecessors mailed **unsolicited** absentee voter **applications** to registered voters.

16. Defendant Secretary of State has stated publicly that she mailed **unsolicited** absentee voter **applications** to registered voters in **certain** communities was necessary due to the COVID-19 pandemic.

17. However, Michigan Election Law grants exclusive authority over the process of applying for and the issuance of absentee

ballots to local city and township clerks and **not** the Defendant Secretary of State.

18. Under Michigan Election Law, the Defendant Secretary of State has no role in processing or issuing applications for absentee ballots.

19. Under Mich.Const.1963, art. 2, § 4(1)(g), I have a constitutional right to vote by absentee ballot without having to provide a reason.

20. Under Mich.Const.1963, art. 2, § 4(1)(g), I have a constitutional right to **apply** to vote by absentee ballot in any election held in the City of Highland Park.

21. Under Michigan Election Law, a registered voter must **first request**, either verbally or in writing, from their local city or township clerk an application to vote by absentee ballot.

22. Under Mich. Comp. Laws §168.759(5), I have a statutory right to request, verbally or in writing, an absentee ballot application from his local city clerk.

23. Neither the state constitution nor any provision of Michigan Election Law grants the Defendant Secretary of State the

authority to mail an **unsolicited** absentee voter **application** to Plaintiff Davis.

24. Under Michigan's Constitution and Michigan Election Law, it is my right to choose whether to request, either verbally or in writing, an absentee voter from Plaintiff Davis' local city clerk.

25. Defendant Secretary of State denied me my state constitutional and statutory right to request, either verbally or in writing, an absentee voter application from his local city clerk.

26. Because I believed that the Defendant Secretary of State's actions of mailing an **unsolicited** absentee voter **application** to Plaintiff Davis were unlawful and illegal, I did not feel comfortable using the **unsolicited** absentee voter **application** the Defendant Secretary of State mailed him and instead, chose to vote in person for the primary election held on August 4, 2020.

27. Based upon Defendant Secretary of State's recent public comments and legal pleadings filed on the Defendant Secretary of State's behalf in other pending legal matters, I believe Defendant Secretary of State will attempt to mail **unsolicited** absentee

voter **applications** to registered voters in certain communities for the upcoming November 3, 2020 presidential general election.

28. I was told confidentially by political insiders that for the impending November 3, 2020 presidential general election, Defendant Secretary of State was going to mail **unsolicited** absentee voter **applications** to registered voters, like me, who voted in person at the August 4, 2020 primary election and/or who did not return an absentee voter application to their local city or township clerks.

29. That I hereby incorporate by reference all of the facts and allegations properly plead and alleged in each of the numbered paragraphs in the complaint as if they were fully stated and set forth herein.

30. That to the best of my knowledge, information, and belief all of the allegations and facts plead and alleged in each of the numbered paragraphs the complaint are true and correct.

31. That if called as a witness, I am competent to testify as to the facts as stated herein.

FURTHER AFFIANT SAYETH NOT.

_____
ROBERT DAVIS

Subscribed and sworn to before me

On this ____17th____ day of August, 2020.

_____
NOTARY PUBLIC

My Commission Expires: __10·3-22__

ERICA L. REED
NOTARY PUBLIC, STATE OF MI
COUNTY OF OAKLAND
MY COMMISSION EXPIRES Oct 3, 2022
ACTING IN COUNTY OF Oakland