## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**ROBERT DAVIS,**                     Case No. 20-cv-12130
       Plaintiff**,**                     **Hon. ROBERT H. CLELAND**

v.

**JOCELYN BENSON**, in her official and individual capacities as the Secretary of State,
**CATHY M. GARRETT,** in her official and individual capacities as the Wayne County Clerk,
       Defendants.
_____/

**ANDREW A. PATERSON (P18690)**
Attorney for Plaintiff
2893 E. Eisenhower Pkwy
Ann Arbor, MI 48108
(248) 568-9712
aap43@outlook.com
_____/

### AMENDED COMPLAINT AND JURY DEMAND

    **NOW COMES** Plaintiff, ROBERT DAVIS, by and through his

attorney, ANDREW A. PATERSON, and for his Amended Complaint

and Jury Demand ("Amended Complaint"), states as follows:

### I.    NATURE OF PLAINTIFF'S CLAIMS

1. Plaintiff's claims are brought pursuant to 42 U.S.C. § 1983; 28

   U.S.C. §§ 1331, 1337, 1343, and 1367; and, the Declaratory

   Judgment Act, 28 U.S.C. § 2201, *et. seq.*

## II. JURISDICTION AND VENUE

2.  This Court has jurisdiction over Plaintiff's claims pursuant to 42
    U.S.C. 1983; 28 U.S.C. §§ 1331, 1332, 1337, 1343, and 1367.

3.  This Court also has jurisdiction to render and issue a declaratory
    judgment pursuant to the Declaratory Judgment Act, 28 U.S.C. §
    2201, *et. seq.*

4.  Venue is proper in the Eastern District of Michigan under 28
    U.S.C. § 1391(b)(1). Under 28 U.S.C. § 1391(b)(1), venue is proper
    in "a judicial district in which any defendant resides, if all
    defendants are residents of the State in which the district is
    located."   Upon information and belief, all of the named
    Defendants are residents of the State of Michigan or have a place
    of business in the State of Michigan, and at least one of the
    Defendants reside in the Eastern District of Michigan. Therefore,
    venue is proper within the Eastern District of Michigan under 28
    U.S.C. § 1391(b)(1).[1]

---

[1] Under 28 U.S.C. § 1391(b)(1) venue is proper in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located." Furthermore, under 28 U.S.C. § 1391(c)(2), a corporation is deemed to reside "in any judicial district in which such defendant is subject to the court's personal jurisdiction." The determination of the proper venue for a civil action in federal court is "generally governed by 28 U.S.C. 1391." *Atlantic Marine Const. Co. v U.S. District. Court for W.Dist. of Texas*, 571 U.S. 49, 55 (2013). "[T]he court must determine

5. Some events giving rise to the causes of action pleaded and alleged herein occurred in the Eastern District of Michigan.

### III.   PARTIES

6. Plaintiff repeats, realleges and incorporates, the foregoing allegations, as though fully set forth and stated herein.

7. Plaintiff, Robert Davis ("**Plaintiff Davis**" or "**Plaintiff**"), is a resident and registered voter of the City of Highland Park, County of Wayne, State of Michigan.  Plaintiff Davis voted in the August 4, 2020 primary election.

8. Defendant, Jocelyn Benson ("**Defendant Secretary of State**"), is the duly elected Secretary of State for the State of Michigan. Defendant Secretary of State "the chief election officer of the state" with "supervisory control over local election officials in the performance of their duties under the provisions of" the Michigan Election Law, MCL 168.1 *et seq*. Mich. Comp. Laws §168.21.

9. Defendant, Cathy M. Garrett ("**Defendant County Clerk**"), is the duly elected Clerk for the County of Wayne.  As the duly elected county clerk, Defendant County Clerk statutorily serves as the

---

whether the case falls within one of the three categories set out in 1391(b).  If it does, venue is proper[.]" *Id*. at 55.

secretary of the Wayne County Election Commission and is the filing official who receives certain affidavit of identities, nominating petitions and filings for certain elected offices.    Additionally, Defendant County Clerk is statutorily responsible for maintaining records filed under the Michigan Campaign Finance Act by certain candidate, ballot question, and political action committees.

10.     An actual controversy exists between the Plaintiff and the named Defendants.

## CAUSES OF ACTION

### COUNT I
**Plaintiff Davis' Procedural and Substantive Due Process Rights Were Violated By Defendant Secretary of State With The Unilateral Mailing of Unsolicited Absentee Voter Application.**

11.     Plaintiff repeats, realleges and incorporates, the foregoing allegations, as though fully set forth and stated herein.

12.     This claim is brought by Plaintiff Davis against Defendant Secretary of State, in her official and individual capacities, pursuant to 42 U.S.C. § 1983 and the Declaratory Judgment Act, 28 U.S.C. § 2201, *et. seq*.

13.     On August 4, 2020, Plaintiff Davis voted in the democratic primary election.

14.     Plaintiff Davis physically went to his assigned polling location in the City of Highland Park and voted in person in the primary election held on August 4, 2020.

15.     Plaintiff Davis did **not** vote by absentee ballot in the August 4, 2020 primary election because he feared that the **unsolicited** absentee voter **application** Defendant Secretary of State mailed to him in May 2020 was unlawful and improper and would be subject to a legal challenge.

16.     On Wednesday, May 27, 2020, Plaintiff Davis, as a registered voter of the state of Michigan, received, through the U.S. postal mail, an **unsolicited** absentee voter **application** from the Defendant Secretary of State at Plaintiff Davis' home address.

17.     Plaintiff Davis did **not** request, verbally or in writing, for the Defendant Secretary of State or his local city clerk to send Plaintiff Davis an absentee voter application for the upcoming August 2020 primary and the November 2020 general elections.

18.     The absentee voter application Plaintiff Davis received in

the mail at his home on May 27, 2020 from the Defendant

Secretary of State was **unsolicited**!

19.     Plaintiff Davis believes that the Defendant Secretary of

State's actions of mailing out **unsolicited** absentee voter

**applications** to Plaintiff Davis and other registered voters **in the**

**certain cities and townships** were unlawful and violates Mich.

Comp. Laws §168.759(5) and the Michigan Court of Appeals'

holding in *Taylor v Currie*, 277 Mich. App. 85; 743 NW2d 571

(2007), *lv denied,* 483 Mich. 907; 762 NW 2d 169 (2009).

20.     Defendant Secretary of State's unlawful actions of mailing

an **unsolicited** absentee voter **application** to Plaintiff Davis and

to other registered voters in certain communities were arbitrary

and capricious and in violation of state law.

21.     Proof of Defendant Secretary of State's actions were

arbitrary and capricious, never before has the Defendant

Secretary of State or any of her predecessors mailed **unsolicited**

absentee voter **applications** to registered voters.

22.     Defendant Secretary of State has stated publicly that she mailed **unsolicited** absentee voter **applications** to registered voters in **certain** communities was necessary due to the COVID-19 pandemic.

23.     However, Michigan Election Law grants exclusive authority over the process of applying for and the issuance of absentee ballots to local city and township clerks and **not** the Defendant Secretary of State.

24.     Under Michigan Election Law, the Defendant Secretary of State has no role in processing or issuing applications for absentee ballots.

25.     Under Mich.Const.1963, art. 2, § 4(1)(g), Plaintiff Davis has a constitutional right to vote by absentee ballot without having to provide a reason.

26.     Under Mich.Const.1963, art. 2, § 4(1)(g), Plaintiff Davis has a constitutional right to **apply** to vote by absentee ballot in any election held in the City of Highland Park.

27.     Under Michigan Election Law, a registered voter must **first**

**request**, either verbally or in writing, from their local city or

township clerk an application to vote by absentee ballot.

28.     Under Mich. Comp. Laws §168.759(5), Plaintiff Davis has a

statutory right to request, verbally or in writing, an absentee

ballot application from his local city clerk.

29.     Neither the state constitution nor any provision of Michigan

Election Law grants the Defendant Secretary of State the

authority to mail an **unsolicited** absentee voter **application** to

Plaintiff Davis.

30.     Under Michigan's Constitution and Michigan Election Law,

it is Plaintiff Davis' right to choose whether to request, either

verbally or in writing, an absentee voter from Plaintiff Davis' local

city clerk.

31.     Defendant Secretary of State denied Plaintiff Davis his state

constitutional and statutory right to request, either verbally or in

writing, an absentee voter application from his local city clerk.

32.     Prior to the August 4, 2020 primary election, Plaintiff Davis

was told by state and local election officials that Plaintiff Davis

had to use the **unsolicited** absentee voter **application**

Defendant Secretary of State mailed Plaintiff in order to vote by

absentee ballot in the August 4, 2020 primary election.

33.      However, because Plaintiff Davis believed that the

Defendant Secretary of State's actions of mailing an **unsolicited**

absentee voter **application** to Plaintiff Davis were unlawful and

illegal, Plaintiff Davis did not feel comfortable using the

**unsolicited** absentee voter **application** the Defendant Secretary

of State mailed him and instead, chose to vote in person for the

primary election held on August 4, 2020.

34.      Plaintiff Davis was told that the local clerk's office would not

issue Plaintiff Davis a different absentee ballot application for the

August 4, 2020 primary election since Plaintiff had the

**unsolicited** absentee ballot **application** the Defendant

Secretary of State mailed to Plaintiff at his residence.

35.      Based upon Defendant Secretary of State's recent public

comments and legal pleadings filed on the Defendant Secretary of

State's behalf in other pending legal matters, Plaintiff Davis

believes Defendant Secretary of State will attempt to mail

**unsolicited** absentee voter **applications** to registered voters, including Plaintiff Davis, in certain communities for the upcoming November 3, 2020 presidential general election.

36.     Plaintiff Davis was told confidentially by political insiders that for the impending November 3, 2020 presidential general election, Defendant Secretary of State was going to mail **unsolicited** absentee voter **applications** to registered voters, like Plaintiff Davis, who voted in person at the August 4, 2020 primary election and/or who did not return an absentee voter application to their local city or township clerks to vote by absentee in either the August 4, 2020 primary or November 3, 2020 general elections.

37.     Defendant Secretary of State denied Plaintiff Davis his due process rights by denying Plaintiff Davis his state constitutional and statutory right to choose whether to request, either verbally or in writing, an absentee voter application from his local city clerk.

38.     Plaintiff Davis has a protected property interest under Michigan Election Law and the Michigan Constitution to choose

whether to request, either verbally or in writing, an absentee

voter application from his local city clerk.

39.     Defendant Secretary of State's unlawful actions denied

Plaintiff Davis his procedural due process rights as guaranteed

under the Fourteenth Amendment of the United States

Constitution.

40.     Defendant Secretary of State's unlawful actions denied

Plaintiff Davis his substantial due process rights as guaranteed

under the Fourteenth Amendment of the United States

Constitution.

**WHEREFORE**, Plaintiff Davis requests this Court enters

judgment against Defendant Secretary of State as follows:

a. compensatory damages in whatever amount above $75,000.00 Plaintiffs are found to be entitled;
b. an award of exemplary and punitive damages;
c. an award of interest, costs and reasonable attorney fees under 42 USC §1988;
d. a declaration that Plaintiff Davis' procedural due process rights have been violated by Defendant Secretary of State;
e. a declaration that Plaintiff Davis' substantive due process rights have been violated by Defendant Secretary of State;
f. a declaration that Defendant Secretary of State does not have the authority under Michigan's Constitution

and/or Michigan Election Law to mail unsolicited absentee voter applications;

g. an injunction enjoining the Defendant Secretary of State from mailing unsolicited absentee voter applications to registered voters; and

h. an order awarding whatever other equitable relief appears appropriate at the time of final judgment.

## COUNT II
### Plaintiff Davis' Procedural Due Process Rights Were Violated By Defendant County Clerk Garrett As A Result of The Defendant County Clerk's Office Not Being Open All Day On The August 4, 2020 Primary Election Day.

41.     Plaintiff repeats, realleges and incorporates, the foregoing allegations, as though fully set forth and stated herein.

42.     This claim is brought by Plaintiff Davis against Defendant Secretary of State, in her official and individual capacities, pursuant to 42 U.S.C. § 1983 and the Declaratory Judgment Act, 28 U.S.C. § 2201, *et. seq.*

43.     On August 4, 2020, Plaintiff Davis voted in the democratic primary election.

44.     After the polls closed on August 4, 2020, around 10 p.m. or so, Plaintiff attempted to contact the Defendant County Clerk's Elections Division to get an update on the election results for certain races.

45.    However, no one answered the phone at the Defendant

County Clerk's office.

46.    After not being able to reach anyone at the Defendant

County Clerk's office, Plaintiff attempted to reach the Defendant

County Clerk on her personal cell phone and did not get an

answer.

47.    Plaintiff then drove downtown to see whether the Defendant

County Clerk's office was open to the public.

48.    However, it was clearly evident from the outside that

Plaintiff could not gain access to the Defendant County Clerk's

office.

49.    The unofficial election results were not updated regularly on

the Defendant County Clerk's website on the August 4, 2020

primary election night.

50.    The Defendant County Clerk's public website did not provide

any updated election results for any races from about 10:30 p.m.

until sometime the next day on August 5, 2020.

51.    The Defendant County Clerk's office was not open the entire

day on August 4, 2020 as Mich. Comp. Laws §168.809(2) required.

52.    Mich. Comp. Laws §168.809(2) provides:

> (2) The board of election inspectors shall seal the other statement of returns or combined tally and statement, together with the poll list, in an envelope addressed to the county clerk. The board of election inspectors shall deliver the sealed envelope to the clerk immediately upon completion of the count. The county clerk shall open the envelope at that time, compile unofficial returns, and make the returns in the envelope available to the public. ***The office of the county clerk shall be open on election day for election purposes and shall remain open until the last returns have been received and the clerk completes an unofficial tabulation.*** **(**emphasis supplied**)**.

53.    Defendant County Clerk's office did not remain open until the last returns were received and an unofficial tabulation was completed for the August 4, 2020 primary election.

54.    Under Mich. Comp. Laws §168.809(2), Plaintiff had a statutory right and protected property interest to receive election results as they were being compiled by the Defendant County Clerk.

55.    Under Mich. Comp. Laws §168.809(2), Plaintiff had a statutory right and protected property interest to have access to

the Defendant County Clerk's office on the August 4, 2020

primary election to obtain up-to-date election results.

56.    Defendant County Clerk's actions of not having her office

open the entire day on the August 4, 2020 primary election date

and not having up-to-date election results as the Defendant

County Clerk received election tallies from local city and township

clerks, violated Plaintiff's procedural due process rights.

57.    Plaintiff is fearful that the Defendant County Clerk will not

have her office open the entire day for the upcoming November

2020 presidential general election.

**WHEREFORE**, Plaintiff Davis requests this Court enters

judgment against Defendant County Clerk as follows:

  a. compensatory damages in whatever amount above $75,000.00 Plaintiffs are found to be entitled;
  b. an award of exemplary and punitive damages;
  c. an award of interest, costs and reasonable attorney fees under 42 USC §1988;
  d. a declaration that Plaintiff Davis' procedural due process rights have been violated by Defendant County Clerk;
  e. a declaration that Defendant County Clerk must have her office open on the November 3, 2020 presidential general election date for election purposes and shall remain open until the last returns have been received and the Defendant County Clerk completes an unofficial tabulation; and

f. an order awarding whatever other equitable relief appears appropriate at the time of final judgment.

**COUNT III**

**State-Law Claim- Writ of Mandamus Compelling Defendant County Clerk To Have Her Office Open On The November 3, 2020 Presidential General Election Day For Election Purposes And Shall Remain Open Until The Last Returns Have Been Received And The Defendant County Clerk Completes An Unofficial Tabulation.**

58.    Plaintiff repeats, realleges and incorporates, the foregoing allegations, as though fully set forth and stated herein.

59.    This state-law claim for writ of mandamus is being brought by Plaintiff against Defendant County Clerk pursuant to MCR 3.305.

60.    This Court has the discretion under 28 U.S.C. §1367 to exercise supplemental jurisdiction over Plaintiff's state-law claim.

61.    This claim for writ of mandamus under Michigan law is being brought by Plaintiff, as an individual and registered voter of the County of Wayne, against Defendant County Clerk.

62.    For the reasons set forth herein, pursuant to MCR 3.305(C), Plaintiff will seek the issuance of an ex parte order to show cause for the Defendant County Clerk to show cause why a writ of mandamus should not issue.

63.     The Defendant County Clerk's office was not open the entire

day on August 4, 2020 as Mich. Comp. Laws §168.809(2) required.

64.     Mich. Comp. Laws §168.809(2) provides:

> (2) The board of election inspectors shall seal the other
> statement of returns or combined tally and statement,
> together with the poll list, in an envelope addressed to
> the county clerk. The board of election inspectors shall
> deliver the sealed envelope to the clerk immediately
> upon completion of the count. The county clerk shall
> open the envelope at that time, compile unofficial
> returns, and make the returns in the envelope
> available to the public. ***The office of the county clerk
> shall be open on election day for election purposes
> and shall remain open until the last returns have
> been received and the clerk completes an
> unofficial tabulation.* (**emphasis supplied**).

65.     Defendant County Clerk's office did not remain open until

the last returns were received and an unofficial tabulation was

completed for the August 4, 2020 primary election.

66.     Under Mich. Comp. Laws §168.809(2), Plaintiff had a

statutory right and protected property interest to receive election

results as they were being compiled by the Defendant County

Clerk.

67.     A writ of mandamus is necessary to compel the Defendant

County Clerk's compliance with Mich. Comp. Laws §168.809(2) for

the upcoming November 3, 2020 presidential primary election.

68.     Plaintiff has a clear legal right to the performance of the duty

being sought.

69.     The Defendant County Clerk has a clear legal duty to perform

the duty being sought to be compelled.

70.     The duty is ministerial in nature and Plaintiff has no other

adequate remedy at law to compel the Defendant County Clerk to

comply with Mich. Comp. Laws §168.809(2) for the upcoming

November 3, 2020 presidential general election.

**WHEREFORE**, Plaintiff Davis requests this Court enters

judgment against Defendant County Clerk follows:

   a. Issue a writ of mandamus compelling Defendant County
      Clerk to comply with Mich. Comp. Laws §168.809(2);
   b. Issue a writ of mandamus compelling Defendant County
      Clerk to have her office open on the November 3, 2020
      presidential general election date for election purposes and
      shall remain open until the last returns have been received
      and the Defendant County Clerk completes an unofficial
      tabulation;
   c. Issue an order to show cause pursuant to MCR 3.305(C) for
      Defendant County Clerk to show cause why a writ of
      mandamus should not issue; and

d. Order awarding whatever other relief appears appropriate at the time of final judgment.

## COUNT IV
**State-Law Claim- Writ of Mandamus Compelling Defendant County Clerk Not To Mail Unsolicited Absentee Voter Applications To Plaintiff And Other Registered Voters In Wayne County.**

71.     Plaintiff repeats, realleges and incorporates, the foregoing allegations, as though fully set forth and stated herein.

72.     This state-law claim for writ of mandamus is being brought by Plaintiff against Defendant County Clerk pursuant to MCR 3.305.

73.     This Court has the discretion under 28 U.S.C. §1367 to exercise supplemental jurisdiction over Plaintiff's state-law claim.

74.     This claim for writ of mandamus under Michigan law is being brought by Plaintiff, as an individual and registered voter of the County of Wayne, against Defendant County Clerk.

75.     For the reasons set forth herein, pursuant to MCR 3.305(C), Plaintiff will seek the issuance of an *ex parte* order to show cause for the Defendant County Clerk to show cause why a writ of mandamus should not issue.

76.     Plaintiff has been told that the Defendant Secretary of State have been meeting and/or speaking secretly with Defendant County Clerk and other local city, township and county clerks in which the Defendant Secretary of State has advised and/or directed them to mass mail unsolicited absentee voter applications to registered voters in their respective jurisdictions for the upcoming November 3, 2020 presidential general election.

77.     Plaintiff has been told that the Defendant Secretary of State has offered to provide the Defendant County Clerk and other local city, township and county clerks with funds the Defendant Secretary of State has received from the federal government for COVID-19 election-related matters to pay for the expenses their respective offices incur for mass mailing unsolicited absentee voter applications to registered voters in their respective jurisdictions.

78.     It is Plaintiff's understanding that Defendant County Clerk will mass mail unsolicited absentee voter applications to registered voters in Wayne County sometime after the August 4, 2020 primary election results are certified by the Wayne County Board of Canvassers.

79.     Under Michigan Election Law, Defendant Secretary of State has supervisory control over Defendant County Clerk and the Defendant County Clerk has a legal duty to follow directives given by the Defendant Secretary of State.

80.     Plaintiff believes Defendant County Clerk's actions would violate Mich. Comp. Laws §168.759(5).

81.     A writ of mandamus is necessary to compel the Defendant County Clerk's compliance with Mich. Comp. Laws §168.759(5).

82.     Plaintiff has a clear legal right to the performance of the duty being sought.

83.     Defendant County Clerk has a clear legal duty to perform the duty being sought to be compelled.

84.     The duty is ministerial in nature and Plaintiff has no other adequate remedy at law to compel the Defendant County Clerk to comply with Mich. Comp. Laws §168.759(5) for the upcoming November 3, 2020 presidential general election.

**WHEREFORE**, Plaintiff requests this Court enters judgment against Defendant County Clerk as follows:

> a. Issue a writ of mandamus compelling Defendant County Clerk to comply with Mich. Comp. Laws §168.759(5);

b. Issue a writ of mandamus compelling Defendant County Clerk not to mail and/or send Plaintiff and other registered voters in Wayne County unsolicited absentee voter applications for the upcoming November 3, 2020 presidential general election;

c. Issue an order to show cause pursuant to MCR 3.305(C) for Defendant County Clerk to show cause why a writ of mandamus should not issue; and

d. Order awarding whatever other relief appears appropriate at the time of final judgment.

Dated: August 17, 2020                    Respectfully submitted,

*/s/ ANDREW A. PATERSON*
ANDREW A. PATERSON (P18690)
Attorney for Plaintiff
2893 E. Eisenhower Pkwy
Ann Arbor, MI 48108
(248) 568-9712
aap43@outlook.com

## JURY DEMAND

Plaintiff, through counsel, respectfully demands a jury trial on all issues triable to a jury.

Dated: August 17, 2020                    Respectfully submitted,
*/s/ ANDREW A. PATERSON*
ANDREW A. PATERSON (P18690)
Attorney for Plaintiff
2893 E. Eisenhower Pkwy
Ann Arbor, MI 48108
(248) 568-9712
aap43@outlook.com