UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

ROBERT DAVIS,

        Plaintiff,

v.

                                        Case No. 20-12130

JOCELYN BENSON
and CATHY M. GARRETT,

        Defendants.
_____/

**ORDER FOR PLAINTIFF TO SHOW CAUSE**

Plaintiff Robert Davis claims Defendant Jocelyn Benson, Michigan Secretary of State, violated his substantive and procedural due process rights by mailing him an unsolicited absentee ballot application, (ECF No. 9, PageID.42-50, Count I.); he claims Defendant Cathy M. Garrett, Wayne County Clerk, violated his procedural due process rights by not keeping the Clerk's Office open all day for the August 4, 2020 primary election. (*Id.*, PageID.50-54, Count II.) Additionally, Plaintiff brings claims under state law. He seeks a writ of mandamus against Defendant Garrett to keep the Clerk's Office open for the November 3, 2020, general election, (*Id.*, PageID.54-57, Count III.), and a writ of mandamus against Defendant Garrett to refrain from mailing unsolicited absentee voter applications for the November 3 election. (*Id.*, PageID.57-60, Count IV.)

There is litigation pending in state court, including three cases before the Michigan Court of Claims, that may resolve the issues presented in this case; there may be other state court cases of which the court is unaware. The court is inclined to find that Plaintiff's entire case should be either stayed or dismissed without prejudice based

on considerations of federalism, comity, and/or the *Colorado River* abstention doctrine. *See Romine v. Compuserve Corp.*, 160 F.3d 337, 339-41 (6th Cir. 1998) (citing *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817- 19 (1976)). In *Colorado River*, the Supreme Court held that federal courts may abstain from hearing a case solely because similar pending state court litigation exists. *Colorado River*, 424 U.S. at 817; *Romine*, 160 F.3d at 339. "[D]espite the virtually unflagging obligation of the federal courts to exercise the jurisdiction given them, . . . considerations of judicial economy and federal-state comity may justify abstention in situations involving the contemporaneous exercise of jurisdiction by state and federal courts." *Romine*, 160 F.3d at 339 (quotation removed). The court will order Plaintiff to show cause why this entire case should not be stayed or dismissed based on abstention principles.

The court is also inclined to find that, even if it were to retain jurisdiction over Plaintiff's federal claims (Count I and II), the court should decline to exercise supplemental jurisdiction over Plaintiff's state law claims (Counts III and IV).

A federal court may exercise supplemental jurisdiction over each claim in an action that shares a "common nucleus of operative facts" with a claim that invokes the court's original jurisdiction. *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966). However, the federal court need not exercise its authority to invoke supplemental jurisdiction in every case in which it is possible to do so. *Id.* at 726. Supplemental jurisdiction "is a doctrine of discretion, not of plaintiff's right." *Id.* Justification for this doctrine "lies in considerations of judicial economy, convenience, and fairness to litigants." *Id.* Therefore, "[i]n deciding whether to exercise supplemental

jurisdiction . . . a judge must take into account concerns of comity, judicial economy, convenience, fairness, and the like." *Senra v. Smithfield*, 715 F.3d 34, 41 (1st Cir. 2013). If these considerations are not present, "a federal court should hesitate to exercise jurisdiction over state claims." *Gibbs*, 383 U.S. at 726. Additionally, supplemental jurisdiction may be denied "if the federal claims are dismissed before trial," if "it appears that the state issues substantially predominate," or "if the likelihood of jury confusion" would be strong without separation of the claims. *Id.* at 726–27.

Title 28 U.S.C. § 1367 authorizes federal courts to exercise supplemental jurisdiction. A court has the discretion to decline to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c) if:

(1) the claim raises a novel or complex issue of state law,

(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

(3) the district court has dismissed all claims over which it has original jurisdiction, or

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

Plaintiff's state law claims implicate foundational aspects of Michigan election law and procedure. Plaintiff asks the court to interpret state law and compel behavior of state officials going to the heart of the state's self-government, i.e., whether officials can provide absentee ballot applications without request (Count IV) and whether state employees must be on call for hours after polls close to answer questions from the public (Count III). Given the many complex issues that would go into an analysis of these claims, not the least among them how the outbreak of the Coronavirus Disease ("COVID-19") affects Defendant Garrett's authority under state law, the court is inclined

to believe Michigan courts are better equipped to review Plaintiff's claims. Furthermore, a decision from this court may impact election procedure for a general election that is less than three months away. The court will order Plaintiff to show cause why his state law claims (Counts III and IV) should not be dismissed without prejudice. Accordingly,

IT IS ORDERED that Plaintiff is ORDERED to show cause by **August 27, 2020**, why this entire case should not be stayed or dismissed without prejudice pursuant to issues of comity, federalism, and abstention.

IT IS FURTHER ORDERED that Plaintiff is ORDERED show cause by **August 27, 2020** why, in any event, the court should not decline to exercise supplemental jurisdiction over Counts III and IV and dismiss them without prejudice.

Finally, IT IS ORDERED that Defendants are DIRECTED to file a responsive brief by **September 3, 2020**. Unless otherwise ordered, no reply brief shall be presented.

                                              s/Robert H. Cleland               /
                                              ROBERT H. CLELAND
                                              UNITED STATES DISTRICT JUDGE

Dated:  August 20, 2020

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, August 20, 2020, by electronic and/or ordinary mail.

                                              s/Lisa Wagner                  /
                                              Case Manager and Deputy Clerk
                                              (810) 292-6522

S:\Cleland\Cleland\JUDGE'S DESK\C2 ORDERS\20-12130.DAVIS.OrdertoShowCause.RMK.RHC.3.docx