# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**ROBERT DAVIS,**
      Plaintiff**,**

Case No. 20-cv-12130
**Hon. ROBERT H. CLELAND**

v.

**JOCELYN BENSON**, in her official and individual capacities as the Detroit City Clerk,
**CATHY M. GARRETT,** in her official and individual capacities as the Wayne County Clerk,
      Defendants.
_____/

| | |
|---|---|
| **ANDREW A. PATERSON (P18690)**<br>Attorney for Plaintiff<br>2893 E. Eisenhower Pkwy<br>Ann Arbor, MI 48108<br>(248) 568-9712<br>aap43@outlook.com | **JANET ANDERSON-DAVIS (P29499)**<br>Attorney for Defendant Cathy Garrett<br>500 Griswold, 21st Floor<br>Detroit, MI 48226<br>(313) 347-5813<br>Jandersn@waynecounty.com<br><br>ERIK GRILL (P64713)<br>HEATHER MEINGAST (P55439)<br>Assistant Attorneys General<br>Attorneys for Secretary of State Benson<br>P.O. Box 30736<br>Lansing, MI 48909<br>(517) 335-7659<br>grille@michigan.gov<br>meingasth@michigan.gov |

_____/

**PLAINTIFF'S RESPONSE TO THE COURT'S AUGUST 20, 2020 ORDER TO SHOW CAUSE ADDRESSING THE LEGAL QUESTION WHETHER THE CASE SHOULD BE STAYED OR DISMISSED UNDER THE *COLORADO RIVER* ABSTENTION DOCTRINE AND THE COURT'S INCLINATION TO DECLINE TO EXERCISE SUPPLEMENTAL JURISDICTION OVER STATE-LAW CLAIMS (ECF NO. 11).**

**NOW COMES** Plaintiff, ROBERT DAVIS, by and through his attorney, ANDREW A. PATERSON, and for his Response to the Court's August 20, 2020 Order to Show Cause Addressing the Legal Question Whether The Case Should Be Stayed Or Dismissed Under The *Colorado River* Abstention Doctrine and the Court's Inclination To Decline To Exercise Supplemental Jurisdiction Over State-Law Claims (ECF No. 11), states as follows:

## I.    Introduction

On August 9, 2020, Plaintiff Robert Davis ("Plaintiff" or "Plaintiff Davis") filed a two-count complaint against the Defendants in which Plaintiff properly alleged violations of his First Amendment right to engage in anonymous political speech and that his procedural and substantive due process rights were violated by Defendant Secretary of State as a result of the Defendant Secretary of State's inappropriate action of mailing an unsolicited absentee voter application to the Plaintiff in May 2020. (See Original Compl., ECF No. 1).

However, on August 14, 2020, the parties entered into a stipulated order agreeing to allow Plaintiff to voluntarily dismiss without prejudice

Count I of the original complaint (ECF No.1) with the understanding that Count I of the original complaint (ECF No. 1) would be joined and refiled as part of an amended complaint to be filed in the matter of *Anders v Benson, et.al.,* 20-cv-11991 pending before U.S. District Judge Matthew Leitman. (See Stipulated Order, ECF No. 7, Pg.ID 35-36). On August 17, 2020, Plaintiff filed a four-count amended complaint (ECF No. 9). Plaintiff's amended complaint properly alleges Defendant Jocelyn Benson, Michigan Secretary of State, violated his substantive and procedural due process rights by mailing him an unsolicited absentee ballot application, (ECF No. 9, Pg.ID 42-50, Count I.); Plaintiff alleges Defendant Cathy M. Garrett, Wayne County Clerk, violated his procedural due process rights by not keeping the Clerk's Office open all day for the August 4, 2020 primary election. (*Id.*, Pg.ID 50-54, Count II). Additionally, Plaintiff's amended complaint (ECF No. 9) brings claims under state law. Specifically, Plaintiff seeks a writ of mandamus against Defendant Garrett to keep the Clerk's Office open for the November 3, 2020, general election, (*Id.*, Pg.ID 54-57, Count III.), and a writ of mandamus against Defendant Garrett to refrain from mailing

unsolicited absentee voter applications for the November 3 election. (*Id.*, Pg.ID 57-60, Count IV).

On August 20, 2020, the Court, *sua sponte*, entered an order to show cause requiring Plaintiff "to show cause by August 27, 2020, why this entire case should not be stayed or dismissed without prejudice pursuant to issues of comity, federalism, and abstention." (See Order to Show Cause, ECF No. 11, Pg.ID 66). The Court further ordered Plaintiff to "show cause by August 27, 2020 why, in any event, the court should not decline to exercise supplemental jurisdiction over Counts III and IV and dismiss them without prejudice." (*Id.*).

For the reasons set forth below, Plaintiff agrees that the **sole count against the Defendant Secretary of State should be "stayed"** until the Michigan Court of Appeals decides the emergency appeal in the matter of Robert Davis v Secretary of State, Court of Appeals Docket No. 354622. (**See August 27, 2020 Order of Michigan Court of Appeals Granting Expedited Appeal attached as Exhibit A**). However, Plaintiff believes Count II, the sole federal claim against the Defendant Cathy Garrett should proceed and should not be "stayed" and lastly,

Plaintiff does not oppose the Court declining to exercise supplemental jurisdiction over the state-law claims.

## II.  Law and Legal Analysis

### a. Count I of Plaintiff's Amended Complaint Against Defendant Secretary of State Should Be Stayed Pending Adjudication of Emergency Appeal In The Matter of *Davis v Secretary of State*, COA Docket No. 354622).

For starters, in this Circuit, a court applying *Colorado River* **must stay, not dismiss**, the case. See *Bates v. Van Buren Twp.*, 122 Fed. Appx. 803, 809 (6th Cir. 2004) (emphasis supplied). Although the Court's Order to Show Cause (ECF No. 11) required Plaintiff to address the case being stayed *or dismissed*, "the Supreme Court has taught that when a federal court abstains in favor of a state court, entering a stay in the federal action is preferable to dismissing the action because the stay makes it easier for the federal court to resume its jurisdiction over the case should the state court to which it is deferring fail to decide the case for some reason." *Wilton v. Seven Falls, Co.,* 515 U.S. 277, 288 n.2 (1995).

As noted, Plaintiff agrees that the sole federal count (Count I) against Defendant Secretary of State should be "stayed" pending a

decision in the emergency appeal in the matter of *Davis v Secretary of State*, Michigan Court of Appeals Docket No. 354622. (**See August 27, 2020 Order of Michigan Court of Appeals Granting Expedited Appeal attached as Exhibit A**). The Michigan Court of Appeals granted Plaintiff's motion to expedite the state appeal, which Plaintiff requested a decision by September 4, 2020.

Accordingly, the Court should **only "stay" Count I against the Defendant Secretary of State.**

### b. **Count II of Plaintiff's Amended Complaint Against Defendant Cathy M. Garret Should NOT Be Stayed Pending Adjudication of Emergency Appeal In The Matter of *Davis v Secretary of State*, COA Docket No. 354622**).

With respect to Count II of Plaintiff's amended complaint (ECF No. 9), this count should **not be "stayed"** and Plaintiff should be permitted to proceed with its adjudication. Count II is a federal procedural due process claim against the Defendant Cathy M. Garrett, who is the Wayne County Clerk. This count against the Defendant Cathy Garrett should **not be "stayed"** because the *Colorado River* doctrine is inapplicable to Plaintiff's federal claim against the Defendant Cathy Garrett because

Plaintiff's state-court emergency appeal is **not** parallel to Plaintiff's federal claim against the Defendant Cathy Garrett.

A *Colorado River* analysis has two steps. First, this Court must determine whether the state and federal proceedings are parallel. *Romine v. Compuserve Corp.*, 160 F.3d 337, 339 (6th Cir. 1998). If they are **not** parallel, the district court should **not** abstain. If they are parallel, the Court weighs the eight *Colorado River* factors to determine whether abstention is merited. *Id.* at 340-41.

Under the *Colorado River* abstention doctrine, "a district court may sometimes be justified in abstaining from exercising jurisdiction in deference to a parallel state-court proceeding." *Great Earth Cos. v. Simons*, 288 F.2d 878, 886 (6th Cir. 2002). However, "[b]efore the *Colorado River* doctrine can be applied, the district court ***must first*** determine that the concurrent state and federal actions are actually parallel." *Romine*, 160 F.3d at 339 (emphasis supplied). "[W]here (1) the parties are substantially similar and (2) [plaintiff's] claims against [defendants] are predicated on the same allegations as to the same material facts . . . . the actions must be considered 'parallel' for the purposes of the Colorado River abstention doctrine." *Romine*, 160 F.3d at

340. Although the cases need not be identical, the resolution of the state court action must provide complete relief for the federal action. See *Baskin v. Bath Twp. Bd. of Zoning Appeals*, 15 F.3d 569, 572 (6th Cir. 1994); *Heitmanis v. Austin,* 899 F.2d 521, 528 (6th Cir. 1990). "Broadly, the relevant inquiry is whether resolution on the state case will resolve the contested issues in the federal action." *Cass River Farms, LLC. v. Hausbeck Pickle Co.*, No. 16-cv-12269, 2016 WL 5930493, at *2 (E.D. Mich. Oct. 12, 2016).

A state-court proceeding is not necessarily parallel to a federal proceeding merely because it arises out of the same basic facts as the federal proceeding. See *Baskin v. Bath Twp. of Zoning Appeals*, 15 F.3d 569, 572 (6th Cir. 1994). "In deciding whether a state action is parallel for abstention purposes, the district court must compare the issues in the federal action to the issues actually raised in the state court action, not those that might have been raised." *Id.* (emphasis added). The court must examine the qualitative nature of the claims raised in the state and federal proceedings to determine whether there exists an "identity of parties and issues" so as to make the proceedings parallel. *Id.* Generally, "when the state and federal cases ***present different theories of***

*recovery*, courts do **not** . . . characterize the proceedings as parallel." *Gentry v. Wayne Cnty.*, No. 10-11714, 2010 WL 4822749, at *2 (E.D. Mich. Nov. 22, 2010) (internal quotation marks and citations omitted) (emphasis supplied).

Here, Plaintiff's federal claim and Plaintiff's emergency state-court appeal clearly are not parallel for obvious reasons: (1) Plaintiff's emergency state-court appeal pertains **only** to the authority of the Defendant Secretary of State to mail unsolicited absentee voter applications to registered voters; and (2) the resolution of Plaintiff's emergency state-court appeal will NOT resolve the contested issues in the federal action against the Defendant Cathy Garrett. *Cass River Farms, LLC. v. Hausbeck Pickle Co.*, No. 16-cv-12269, 2016 WL 5930493, at *2 (E.D. Mich. Oct. 12, 2016).

A district court must compare the claims *actually raised* in the federal and state proceedings, without consideration of what claims *could* have been, or may yet be raised in the state court. *Crawley,* 744 F.2d at 31 ("While it may be true . . . that [the state case] *could* be modified so as to make it identical to the current federal claim, that is not the issue here. The issue is whether [the state case], as it *currently* exists, *is* a parallel,

state-court proceeding."). Because the claims *actually raised* in Plaintiff's emergency state-court appeal are fundamentally different from the constitutional claim against the Defendant Cathy Garrett in this case, the "staying" of Plaintiff's federal claim against Defendant Cathy Garrett pursuant to the *Colorado River* doctrine is not warranted.

### c. Plaintiff Does Not Oppose The Court Declining To Exercise Supplemental Jurisdiction Over The State-Law Claims.

Lastly, Plaintiff **does not oppose** the Court declining to exercise supplemental jurisdiction over the state-law claims. In fact, counsel for Defendant Cathy Garrett initially concurred and agreed with Plaintiff's counsel's request for the entry of a stipulated order dismissing without prejudice Plaintiff's state-law claims. However, a day later, counsel for Defendant Garrett informed Plaintiff's counsel that the Defendant Cathy Garrett did not want to agree to the entry of a stipulated order of dismissal dismissing without prejudice Plaintiff's state-law claims.

Accordingly, Plaintiff respectfully requests the Court to enter an order dismissing **without prejudice** Plaintiff's state-law claims so that Plaintiff can file said state-law claims in the appropriate state court.

## CONCLUSION

**WHEREFORE,** for the foregoing reasons, Plaintiff agrees that Count I of Plaintiff's amended complaint (ECF No. 9) against the Defendant Secretary of State should be "stayed" pending a decision in Plaintiff's emergency state-court appeal; Plaintiff does **not** believe the *Colorado River* abstention doctrine applies to the sole federal claim (Count II) against Defendant Cathy M. Garrett and thus, Count II should **not be "stayed"**; and Plaintiff **does not oppose** the Court declining to exercise supplemental jurisdiction over the state law claims (Counts III and IV).

Dated: August 28, 2020

Respectfully submitted,
*/s/ ANDREW A. PATERSON*
ANDREW A. PATERSON (P18690)
Attorney for Plaintiff
2893 E. Eisenhower Pkwy
Ann Arbor, MI 48108
(248) 568-9712

## CERTIFICATE OF SERVICE

I, ANDREW A. PATERSON, certify that the foregoing document(s) was filed and served via the Court's electronic case filing and noticing system (ECF) this 28th day of August, 2020, which will automatically send notification of such filing to all attorneys and parties of record registered electronically.

                          Respectfully submitted,

                          <u>/s/ ANDREW A. PATERSON</u>
                          ANDREW A. PATERSON (P18690)
                          Attorney for Plaintiff