## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

ROBERT DAVIS,

                                Case No. 20-cv-12130

         Plaintiff,                Hon. Robert H. Cleland

v.

JOCELYN BENSON, in her official
and individual capacities as the Detroit City Clerk,
CATHY M. GARRETT, in her official
and individual capacities as the Wayne County Clerk,

         Defendants.

_____/

| ANDREW A. PATERSON(P18690) | JANET ANDERSON-DAVIS (P29499) |
|---|---|
| Attorney for Plaintiff | Attorney for Defendant Cathy Garrett |
| 2893 E. Eisenhower Pkwy | 500 Griswold, 21st Floor |
| Ann Arbor, MI 48108 | Detroit, MI 48226 |
| (248) 568-9712 | (313) 347-5813 |
| aap43@outlook.com | Jandersn@waynecounty.com |
| | |
| | ERIK GRILL (P64713) |
| | HEATHER MEINGAST (P55439) |
| | Assistant Attorneys General |
| | Attorneys for Secretary of State Benson |
| | P.O. Box 30736 |
| | Lansing, MI 48909 |
| | (517) 335-7659 |
| | grille@michigan.gov |
| | meingasth@michigan.gov |

_____/

## CATHY M. GARRETT'S RESPONSE TO SHOW CAUSE

# TABLE OF CONTENTS

TABLE OF EXHIBITS ......................................................................... ii

INDEX OF AUTHORITIES.................................................................. iii

QUESTION PRESENTED ....................................................................v

INTRODUCTION ................................................................................1

ARGUMENT

Count II should be dismissed because of abstention doctrines.

A.    The claims are barred by *Rooker Feldman* as the case is an attempted appeal of state court judgments…..………………………………………………… 3

B.    *Burford* requires that this court abstain from exercising jurisdiction……..   5

C.    Because of pending matters *Colorado River* mandates abstention………… 6

CONCLUSION .....................................................................................7

## TABLE OF EXHIBITS

ITEM                                                          TAB

Registers of Action.................................................................................1

Gregory Mahar Affidavit ......................................................................2

# INDEX OF AUTHORITIES

Cases                                                                                          Page

*Anders v Benson*
20-cv-11991 (USDC EDM 2020)…………………………………………… 2

*Black v Benson*
Mich Court of Claims 20-000096-MZ (2020) …………………………...2

*Burford v Sun Oil Co*
319 US 315; 63 S Ct 1098 (1943)  ……………………………………… passim

*Burton-Harris v Garrett*
Mich. Third Judicial Cir. No. 20-007116-AW (2020)……………………… 1

*Burton-Harris v Garrett,*
Court of Appeals No. 353999 (Mich App 2020)…………………………… 1

*Burton-Harris v Garrett*
Supreme Court No.  161564 (Mich 2020) ………………………………….. 1

*Colorado River Water Conservation Dist v United States*
24 US 800; 96 S Ct 1236 (1976) ………………………………………… 6

*Cooper-Keel Benson*
Mich. Court of Claims 20-000091-MM (2020) ………………………………2

*Davis v Wayne County Election Commission*
20-cv-11819 (USDC EDM 2020) ………………………………………… 2

*Davis v Wayne County Board of Canvassers*
20-cv-12127 (USDC EDM 2020) ………………………………………….2

*Davis v Benson*
Mich. Court of Claims 20-000099-MM (2020)……………………………… 2

*Davis v Wayne County Election Commission*
Mich. Third Judicial Circuit Case No. 20-008522-AW (2020) ……………… 1

*Devlin v Kalm*
493 Fed Appx 678 (6 Cir 2012)……………………………………………… 6

*Exxon Mobil Corp v Saudi Basic Indus Corp*
544 US 280, 284; 125 S Ct 1517 (2005) …………………………………… 3

*Hill v Winfrey*
Mich. Third Judicial Circuit No. 20-011072-AW (2020) …………………..2

*McCormick v Braverman*
451 F 3d 382 (6th Cir 2006) ………………………………………………… 3

*New Orleans Pub Serv, Inc v Council of City of New Orleans*
491 US 350, 361; 109 S Ct 2506 (1989) …………………………………….5

*Pieper v. American Arbitration Ass'n, Inc*
336 F 3d 458 (6th Cir 2003) ………………………………………………..3

*Quackenbush v Allstate Inc*
517 US 706, 715; 116 S Ct 1712 (1996) …………………………………….5

*Rooker v Fid Trust Co*
263 US 413; 44 S Ct 149 (1923) ………………………………………passim

**QUESTION PRESENTED**

Whether this Court should abstain and dismiss Count II which is foreclosed by *Rooker-Feldman*, *Burford, and Colorado River*?

Plaintiff answers "No"

Wayne County Board of Canvassers answers "Yes".

## INTRODUCTION

This Court ordered that Robert Davis show cause by August 27, 2020 why the entire case should not be stayed or dismissed without prejudice pursuant to issues of comity, federalism and abstention. (ECF 11). The Court further ordered Robert Davis to show cause why the court should not decline to exercise supplemental jurisdiction over Counts III and IV and dismiss them without prejudice.

In his response, which was filed August 28, 2020, one day late, Robert Davis agreed that Count I should be stayed because of comity (ECF 12, page 6) and that Counts III and IV should be dismissed. (*id*, page 10).

However, he argues that this Court should maintain jurisdiction over Count II because the facts or actions in this Court are not parallel to, but are fundamentally different than, those alleged in the state-court appeal.    His argument in his response belies that statement.  He requests the Court "to enter an order dismissing without prejudice Plaintiff's state-law claims so that Plaintiff can file said state-law claims in the appropriate court." (*id*, page 10).  If those state claims are filed, *Rooker Feldman*, *Burford* and *Colorado Riv*er are implicated.

In its order the Court noted that "there may be other state court cases of which the court is unaware."  (ECF 11, page 1).  There are such cases.  There are at least 3 state cases: *Burton-Harris v Garrett*, Third Judicial Circuit No. 20-007116-

1

AW, Court of Appeals No. 353999, and Supreme Court No. 161564; *Davis v Wayne County Election Commission*, Third Judicial Circuit Case No. 20-008522-AW ("DAVIS II"), and *Hill v Winfrey*, Third Judicial Circuit No. 20-011072-AW). There are several actions arising from the same fact pattern pending in the Michigan Court of Claims: *Black v Benson*, 20-000096-MZ; *Cooper-Keel v Benson* 20-000091-MM; *Davis v Benson*, 20-000099-MM. There are actions in the federal district courts: *Anders v Benson,* 20-cv-11991; *Davis v Wayne County Election Commission,* 20-cv-11819 ("Davis I"); and *Davis v Wayne County Board of Canvassers,* 20-cv-12127). (Exhibit 1).

All of these cases involve issues arising from the August Primary Election or the November General Election. They concern the authority of the County Clerk, Election Commission and Board of County Canvassers to review a candidate's affidavit, determine whether it is defective, and to certify the candidate, print the candidate's name on the ballot, or canvass vote totals for the candidate. (*Burton-Harris v Wayne County Clerk*, *Davis II, Davis v Wayne County Board of Canvassers, Hill v Winfrey).* Others involve the constitutionality of MCL §169.247 and whether anonymous literature may be circulated (*Anders v Benson*). One other common issue is whether absent voter ballots should be mailed. (*Davis I*).

2

# ARGUMENT

## Count II should be dismissed because of abstention doctrines.

### A. The claims are barred by *Rooker Feldman* as the case is an attempted appeal of state court judgments.

It is the state courts, and not this Court, which should decide the issues. Under the *Rooker Feldman* doctrine, lower federal courts lack subject matter jurisdiction to engage in appellate review of state court proceedings. *Rooker v Fid Trust Co*, 263 US 413; 44 S Ct 149 (1923). It prevents a plaintiff from securing appellate review of the state court's judgment based on the losing party's claim that the state judgment itself violates the loser's federal rights. *Pieper v. American Arbitration Ass'n, Inc.*, 336 F 3d 458, 459 (6th Cir 2003). The *Rooker–Feldman* doctrine bars relitigation of claims raised in state-court proceedings as well as claims that are "inextricably intertwined" with the claims asserted there. *id.* It is confined to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp v Saudi Basic Indus Corp,* 544 US 280, 284; 125 S Ct 1517 (2005). One must ask if the source of the injury is the state court decision; if so, then the Rooker-Feldman doctrine prevents the district court from asserting jurisdiction. *McCormick v Braverman,* 451 F 3d 382 (6th Cir 2006).

The elements of *Rooker-Feldman* are present in the instant case.  In Count III, Robert Davis advises that he is seeking relief in the state court for the County Clerk to stay open all day during the November General Election.  This is the relief that he requests from this Court for Count II.  (ECF 9, page 15).  Count II should not be stayed – it should be dismissed.  If it is stayed, then in the future when the state court makes its ruling, *Rooker-Feldman* would preclude this court from addressing Count II.

Robert Davis is a state court loser.  At least twice, in *Burton-Harris* and *Davis II*, the state courts have dismissed the arguments he raises. These allegations arise from final orders entered against him in those cases. The relevant state court orders were entered before the filing of the present federal lawsuit.  He is asking this Court to review and reject the decisions of the state courts regarding the Clerk's and Election Commission's handling of a candidate's affidavit.  This Court can only grant relief by overturning the state courts' decisions.  *"Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state-court judgment." Pieper v American Arbitration Ass'n, Inc*, *supra* at 460.  The source of Plaintiffs' injury is the state court. This Court must decline to grant the requested relief.

**B**.     ***Burford* requires that this court abstain from exercising jurisdiction**.

*Burford* abstention prevents this Court from handling this matter. Federal

courts have a strict duty to exercise the jurisdiction that is conferred upon them by

Congress.  *Quackenbush v Allstate Inc.*, 517 US 706, 715; 116 S Ct 1712 (1996).

One exception is the *Burford* doctrine which permits a federal court sitting in

equity to dismiss a case:

> Where timely and adequate state-court review is available, a federal
> court sitting in equity must decline to interfere with the proceedings
> or orders of state administrative agencies: (1) when there are "difficult
> questions of state law bearing on policy problems of substantial public
> import whose importance transcends the result in the case then at bar";
> or (2) where the "exercise of federal review of the question in a case
> and in similar cases would be disruptive of state efforts to establish a
> coherent policy with respect to a matter of substantial public concern.

*New Orleans Pub Serv, Inc v Council of City of New Orleans*, 491 US 350, 361;

109 S Ct 2506 (1989) citing *Burford v Sun Oil* Co, 319 US 315; 63 S Ct 1098

(1943).

In Count II Plaintiff alleges his due process was violated by Cathy Garrett's

failure to be open all day for the August Primary.  That allegation is not true – the

office was open.  (Exhibit 2). The Clerk's Office receives numerous phone calls on

any election day.   It is reasonable to expect that the Clerk's Office may not be able

to respond to every single call.   The instant allegations implicate the effect of

Michigan Election law on the November General Election. The public has a

5

substantial interest in how the issues are determined by the courts. Federal review may disrupt state efforts to establish a coherent policy. Abstention by this Court over the issue raised in Count II would leave the resolution to the state courts.

**C.    Because of pending matters *Colorado River* mandates abstention.**

Robert Davis argues that this Court should not stay the matter as the facts in Count II and the pending federal cases are fundamentally different.   Robert Davis failed to mention the other state court cases. In them he alleges that the Clerk and Election Commission violated sound principles of Michigan Election Law -- their limited review authority of affidavits of identity.  He has not been successful in the state courts – he is asking this Court to oversee or review the state court action.

*Colorado River Water Conservation Dist v United States*, 424 US 800; 96 S Ct 1236 (1976) holds that federal courts may abstain from hearing a case solely because similar pending state court litigation exists.  The Court examines 5 factors:

> (1) whether the state court or the federal court has assumed jurisdiction over the res or property; (2) which forum is more convenient to the parties; (3) whether abstention would avoid piecemeal litigation; (4) which court obtained jurisdiction first; and (5) whether federal law or state law provides the basis for the decision on the merits.

*Devlin v Kalm*, 493 Fed Appx 678 (6 Cir 2012).

In this instance there is no property.  Either forum is convenient.  Abstention would avoid piecemeal litigation.   The state courts first obtained jurisdiction. Michigan Election Law provides the basis for the decision on the merits.    Without

application of abstention, there is a risk that this Court and the state courts could reach different results without establishing a coherent policy. In the interest of comity and federalism, this Court should determine the factual allegations are insufficient to confer subject matter jurisdiction and dismiss this matter.

## CONCLUSION

Cathy M. Garrett requests that this Honorable Court dismiss Count II.

Respectfully submitted,

BY:  /s/Janet Anderson Davis
Janet Anderson Davis (P29499)
Attorneys for Election Commission
500 Griswold, 21st Floor South
Detroit, Michigan 48226
313- 347-5813
jandersn@waynecounty.com

Dated: September 1, 2020

## CERTIFICATE OF SERVICE

I certify that on September 1, 2020, I filed *CATHY M. GARRETT'S RESPONSE TO SHOW CAUSE* with the Clerk of the Court using the electronic filing system, which will send electronic notification of this filing to all parties.

/s/*Janet Anderson Davis*
Janet Anderson Davis (P29499)