UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT DAVIS,

    Plaintiff,

v

JOCELYN BENSON, in her official and individual capacities as the Secretary of State and CATHY M. GARRETT, in her official and individual capacities as the Wayne County Clerk,

    Defendants.

No. 2:20-cv-12130

HON. ROBERT H. CLELAND

MAG. ELIZABETH A. STAFFORD

_____

Andrew A. Paterson (P18690)
Attorney for Plaintiff
2893 East Eisenhower Parkway
Ann Arbor, Michigan 48108
248.568.9712
Aap43@outlook.com

Heather S. Meingast (P55439)
Erik A. Grill (P64713)
Assistant Attorneys General
PO Box 30736
Lansing, Michigan 48909
517.335.7659
meingasth@michigan.gov
grille@michigan.gov
_____/

**DEFENDANT BENSON'S RESPONSE TO PLAINTIFF DAVIS' BRIEF RESPONDING TO THE COURT'S ORDER TO SHOW CAUSE WHY THE CASE SHOULD NOT BE STAYED OR DISMISSED**

# TABLE OF CONTENTS

Page

Table of Contents ................................................................................................. i

Index of Authorities ............................................................................................. ii

Argument..............................................................................................................1

Conclusion ...........................................................................................................2

Certificate of Service ...........................................................................................3

## INDEX OF AUTHORITIES

Page

**Cases**

*Bates v. Van Buren Twp.*, 122 Fed. Appx. 803 (6th Cir. 2004).................................1

*Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976)...2

**ARGUMENT**

In response to this Court's order to show cause, Plaintiff Robert Davis agreed that this Court should abstain from the sole claim against Defendant Secretary of State Jocelyn Benson and that resolution of the claim should be stayed until Davis's state court litigation is concluded.  On August 28, 2020, Michigan Court of Claims Judge Cynthia Stephens entered an order dismissing Robert Davis's complaint after finding that Secretary Benson had legal authority to mail unsolicited absent voter ballot applications to Michigan voters.  (Exhibit A, Court of Claims Opinion and Order.)  As stated in Davis's response, he has already filed his appeal in the Michigan Court of Appeals, Docket No. 354622.

Defendant Benson reluctantly accepts Davis's citation to *Bates v. Van Buren Twp.*, 122 Fed. Appx. 803, 808-809 (6th Cir. 2004), holding that a stay is the preferred means of effectuating a *Colorado River* abstention.  However, Defendant Benson disagrees that only the claim against her should be stayed.  Indeed, Clerk Garrett argues that this Court should abstain from the claims against her, as well.

But even if the claims against Clerk Garrett were not subject to abstention themselves, Davis offers no basis to stay only *some* of the claims in this case. *Bates* does not include any reference to such a bifurcation, and Davis offers no other authority suggesting that this Court stay some—but not all—claims under a *Colorado River* abstention.  Further, it would seem to be inconsistent with the

1

principles of judicial economy and avoidance of piecemeal litigation for this Court to hear dispositive motions or issue scheduling orders for the claims against Clerk Garrett, only to have the claim against the Secretary of State rise up again at some uncertain future date and require more motions and changes to the schedule. See e.g. *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976) ("[T]here are principles unrelated to considerations of proper constitutional adjudication and regard for federal-state relations which govern in situations involving the contemporaneous exercise of concurrent jurisdictions, either by federal courts or by state and federal courts. These principles rest on considerations of [wise] judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation.") (internal quotation marks omitted).

## CONCLUSION

It was Plaintiff Davis' choice to raise these apparently unrelated claims against Secretary Benson and Clerk Garrett in one complaint. If the claims against Clerk Garrett are not also subject to abstention, and Davis wishes to proceed against Clerk Garrett independently of his claim against the Secretary of State, he could, and perhaps should, still voluntarily dismiss his claim against the Secretary without prejudice. Otherwise, the entire case should be stayed pending a determination of Davis's state court cases.

        Respectfully submitted,

        DANA NESSEL
        Attorney General

        *s/Erik A. Grill*
        Erik A. Grill (P64713)
        Heather S. Meingast (P55439)
        Assistant Attorneys General
        Attorneys for Defendant
        P.O. Box 30736
        Lansing, Michigan 48909
        517.335.7659
        Email:  grille@michigan.gov
        P64713

Dated:  September 2, 2020

## CERTIFICATE OF SERVICE

I hereby certify that on September 2, 2020, I electronically filed the above document(s) with the Clerk of the Court using the ECF System, which will provide electronic copies to counsel of record.

        *s/Erik A. Grill*
        Erik A. Grill (P64713)
        Assistant Attorney General
        P.O. Box 30736
        Lansing, Michigan 48909
        517.335.7659
        Email:  grille@michigan.gov
        P64713