**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**
_____

ROBERT DAVIS,

        Plaintiff,

v.

                                                Case No. 20-12130

JOCELYN BENSON,
and CATHY M. GARRETT,

        Defendants.
_____/

**OPINION AND ORDER DISMISSING WITHOUT PREJUDICE PLAINTIFF'S STATE CLAIMS AND PLAINTIFF'S DUE PROCESS CLAIM AGAINST DEFENDANT BENSON**

Plaintiff Robert Davis claims Defendant Jocelyn Benson, Michigan Secretary of State, violated his substantive and procedural due process rights by mailing him an unsolicited absentee ballot application, (ECF No. 9, PageID.42-50, Count I.); he claims Defendant Cathy M. Garrett, Wayne County Clerk, violated his procedural due process rights by not keeping the Clerk's Office open all day for the August 4, 2020 primary election. (*Id.*, PageID.50-54, Count II.) Additionally, Plaintiff brings claims under state law. He seeks a writ of mandamus against Defendant Garrett to keep the Clerk's Office open for the November 3, 2020, general election, (*id.*, PageID.54-57, Count III.), and a writ of mandamus against Defendant Garrett to refrain from mailing unsolicited absentee voter applications for the November 3 election. (*Id.*, PageID.57-60, Count IV.)

On August 20, 2020, the court ordered Plaintiff to show cause why the court should not decline supplemental jurisdiction over his state law claims. (ECF No. 11, PageID.66.) The court also ordered Plaintiff to show cause why the entire case should

not be stayed or dismissed without prejudice pursuant to issues of comity, federalism, and abstention. (*Id.*) Plaintiff and Defendants filed responses to the order to show cause. (ECF Nos. 12, 16, 17.) The court has reviewed the record and does not find a hearing to be necessary. E.D. Mich. L.R. 7.1(f)(2). Plaintiff's state claims and his due process claim against Defendant Benson will be dismissed without prejudice.

## I.  DISCUSSION

The court will first address its jurisdiction over Plaintiff's state claims. It will then turn to a discussion of the *Colorado River* doctrine and its applicability to Plaintiff's due process claim against Defendant Benson. Finally, the court will address Plaintiff's procedural due process claim against Defendant Garrett.

### A.  Supplemental Jurisdiction Over Plaintiff's State Law Claims

Under state law, Plaintiff seeks a writ of mandamus compelling Defendant Garrett to keep the Wayne County Clerk's Office open on election day in November. (ECF No. 9, PageID.54-57.) He also requests a writ of mandamus barring Defendant Garrett from mailing unsolicited absentee ballot applications to registered voters. (*Id.*, PageID.57-60.)

In response to the court's order, Plaintiff says that he "does not oppose the [c]ourt declining to exercise supplemental jurisdiction over [his] state law claims." (ECF No. 12, PageID.76.) He asks the court to dismiss the claims "so that [he] can file [them] in the appropriate state court." (*Id.*)

Plaintiff's state claims comprise "novel and complex issue[s] of state law." 28 U.S.C. § 1367(c). The complaint asks the court to use the extraordinary remedy of an injunction, relying on state election law, weeks before a major election. Consistent with

the Plaintiff's current position, court will decline supplemental jurisdiction and dismiss Plaintiff's state claims (Count III and Count IV) without prejudice. 28 U.S.C. § 1367(c).

### B. *Colorado River* Doctrine and Plaintiff's Claim Against Defendant Benson

Plaintiff alleges that Defendant Benson violated Michigan statutory law and state constitutional provisions by mailing unsolicited absentee ballot applications. He cites a 2007 Michigan Court of Appeals decision, *Taylor v. Currie*, which held that a Detroit City Clerk could not mail unsolicited absentee ballot applications to voters. 277 Mich. App. 85, 743 N.W.2d 571, 578 (2007). Plaintiff ties the success of his due process count to the claimed illegality of Defendant Benson's actions under state law. (*Id.*, PageID.48-49, ¶¶ 37-38.) According to Plaintiff, Defendant Benson "denied [him] due process . . . by denying [him] his state constitutional and statutory right to choose whether to request . . . an absentee voter application." (ECF No. 9, PageID.48, ¶ 37.)

Prior to filing this lawsuit, Plaintiff brought an action against Defendant Benson in state court, arguing that the Secretary violated state statutory and constitutional law; he also cited *Taylor v. Currie*. (ECF No. 17-2; ECF No. 12-2, PageID.84.) The Michigan Court of Claims consolidated Plaintiff's suit with two other actions against Defendant Benson and granted dismissal. (ECF No. 17-2.) Plaintiff appealed to the Michigan Court of Appeals, (ECF No. 12-2), where the case is currently pending. *Davis v. Secretary of State*, Case No. 354622 (Mich. Ct. App.).

In response to the court's order, Plaintiff "agrees that the . . . count against . . . Defendant [Benson] should be stayed" under the *Colorado River* doctrine but argues that the claim should not be dismissed. *See Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817 (1976). (ECF No. 12, PageID.70-71.) The court

may, nonetheless, choose to dismiss an action when *Colorado River* applies. The Supreme Court affirmed dismissal of the complaint in *Colorado River*, 424 U.S. at 820-21, and has stated that the use of a stay or dismissal is little different. *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 28 (1983) ("We can say, however, that a stay is as much a refusal to exercise federal jurisdiction as a dismissal."). The Sixth Circuit has affirmed dismissal under *Colorado River* on several occasions. *E.g., White v. Morris*, 972 F.2d 350 (Table), at *2 (6th Cir. Aug. 6, 1992); *Preston v. Eriksen*, 106 F.3d 401 (Table), at *4 (Jan. 14, 1997).

The Sixth Circuit has held that the "best way to effectuate *Colorado River* abstention" is through a stay. *Bates v. Van Buren Tp.*, 122 F. App'x 803, 809 (6th Cir. 2004). A dismissal would impose additional costs on the plaintiff if he or she seeks to refile; a stay, by contrast, does not generally impose additional burdens on the court. *Id.* Dismissal also risks the plaintiff running afoul of a statute of limitation if he or she seeks to refile. *Id.* Courts in this district have described a stay as the "preferred course of action." *Taylor v. Campanelli*, 29 F. Supp. 3d 972, 981 (E.D. Mich. 2014) (Cox, J.) (quoting *Timeco Mach. Works v. S & M Machinery Sales Corp.*, 2014 WL 1308511, at *4 (E.D. Mich. Mar. 31, 2014) (Rosen, J.)).

In this case, however, dismissal is preferable. Plaintiff brought a separate due process claim against Defendant Garrett using factually distinct allegations. The claim against Defendant Benson involves the mailing of unsolicited absentee ballot applications, (ECF No. 9, PageID.42-50), while the remaining claim against Defendant Garrett alleges that she did not keep the Wayne County Clerk's Office open on election day. (*Id.*, PageID.50-54.) Plaintiff brought these disparate claims in the same complaint,

4

knowing that he had filed a nearly identical claim challenging Defendant Benson's mailings in state court. (ECF No. 17-2; ECF No. 12-2, PageID.84.) Staying his claim against Defendant Benson while allowing the claim against Defendant Garret to proceed would undermine judicial efficiency and may result in Plaintiff advancing separate claims at different stages of litigation. The claim against Defendant Benson could be at the beginning stage while the claim against Defendant Garret is in discovery and well-advanced. The burdens of disjointed litigation and inefficiency outweigh the costs Plaintiff may incur by having to refile a claim against Defendant Benson, if Plaintiff so chooses. It appears to this court that the state court litigation will likely resolve the dispute. Defendant Benson's mailing of unsolicited absentee ballot applications is said to have occurred in May this year and there is no indication that statutes of limitations are an issue. (ECF No. 9, PageID.43, ¶¶ 15-16.)

The concerns the Sixth Circuit has expressed about dismissal do not apply in this case. *See Bates*, 122 F. App'x at 809. Plaintiff's due process claim against Defendant Benson (Count I) will be dismissed without prejudice.

### C.  Plaintiff's Federal Claim Against Defendant Garrett

The remaining count in this case is a procedural due process claim against Defendant Garrett. (ECF No. 9, PageID.50-54.) Defendant Garrett argues the court should abstain, but the doctrines she cites do not fit the contours of this case.

First, the *Colorado River* doctrine is not applicable. For the doctrine to apply, there must be a "parallel" state court action. *Moses H.*, 460 U.S. at 16; *accord Baskin v. Bath Tp. Bd. of Zoning Appeals*, 15 F.3d 569, 571-72 (6th Cir. 1994). The case in state court must be "concurrent," *Great Earth Cos. v. Simons*, 288 F.3d 878, 886 (6th Cir.

2002), and "contemporaneous." *Romine v. Compuserve Corp.*, 160 F.3d 337, 339-41 (6th Cir. 1998). "Concurrent" is defined as "operating or occurring at the same time." *Concurrent*, *Webster's Third New International Dictionary, Unabridged* (2020). In addition, to apply *Colorado River*, the court must be able to analyze the comparable state litigation, reviewing its allegations and material facts, and determine if it is "substantially similar" to the federal case. *Romine*, 160 F.3d at 340.

There is no state action proceeding "at the same time." Plaintiff asked the court to dismiss his state claim against Defendant Garrett challenging her alleged closing of the Clerk's office "so that [he] can file [the claim] in the appropriate state court." (ECF No. 12, PageID.76.) But, from the court's knowledge, he has not yet done so. Thus, the court has no way to compare the allegations and claims of a state court action, which are unmaterialized. It cannot determine, beyond speculation, if any state case is "substantially similar" or if the *Colorado River* doctrine should otherwise apply. *Colorado River* abstention is not appropriate.

Second, the court cannot abstain under *Burford v. Sun Oil*, 319 U.S. 315 (1943). Under the *Burford* doctrine, "a federal court sitting in equity must decline to interfere with the proceedings or orders of state administrative agencies: (1) when there are difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case then at bar; or (2) where the exercise of federal review of the question in a case and in similar cases would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern." *New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 491 U.S. 350, 361 (1989) (quoting *Colorado River*, 424 U.S. at 814). In *Burford*, the State of Texas

6

enacted a complex regulatory regime to manage the supply and production of oil. 319 U.S. at 317-18. Many individual properties could extract oil, but over-extraction on one property could drain the resource from another. *Id.* at 318-19. The state designed a system of commissions and courts to balance competing public interests, such as overproduction, and resolve conflicting property claims. *Id.* at 320-22. The Supreme Court found that federal courts issuing orders interpreting Texas law could conflict with state decision-making and court orders, disrupting the regulatory regime and supporting abstention. *Id.* at 327-334.

*Burford* abstention "applies only to statewide policies." *Saginaw Housing Com'n v. Bannum, Inc.*, 576 F.3d 620, 629 (6th Cir. 2009). "The appropriate focus . . . is state policy, rather than local policy." *Id.*; *see Cleveland Housing Renewal Project v. Deutsche Bank Trust*, 621 F.3d 554, 567 (6th Cir. 2010) (quotation removed) ("[T]he key question is whether an erroneous federal court decision could impair the state's effort to implement its policy."). Yet here, Plaintiff is alleging that Defendant Garrett violated state law. (ECF No. 9, PageID.51-53, ¶¶ 51-55.) In effect, he is claiming Defendant's actions were undertaken *against* a state policy mandating the Clerk's office stay open on election day. According to the complaint, relief would vindicate state policy not "disrupt" it. *New Orleans Pub. Serv., Inc.*, 491 U.S. at 361. Plaintiff includes no allegations, and Defendant Garrett presents no evidence, that there is a complex state regulatory regime or a "coherent" state policy that would be adversely affected by Defendant Garrett keeping the Clerk's office open.[1] *Id.* This case is far removed from Texas's careful

---

[1]   In fact, Defendant Garrett contends and presents evidence that the Clerk's office was open for the August primary election. (ECF No. 16-2.)

7

balancing of oil rights and production. *Burford*, 319 U.S. at 317-19. The *Burford* abstention doctrine does not apply.

Finally, the abstention under the *Rooker-Feldman* doctrine is not appropriate. *Rooker-Feldman* applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *accord McCormick v. Braverman*, 451 F.3d 382, 395 (6th Cir. 2006). However, Plaintiff is not complaining of injuries caused by an adverse state-court judgment. *Id.* In fact, no party alleges or presents evidence of a prior state case involving Defendant Garrett's alleged closing of the Wayne County Clerk's Office.

None of the abstention doctrines Defendant Garrett presents apply, and Plaintiff's procedural due process claim (Count II) will proceed.

## II. CONCLUSION

The court will decline supplemental jurisdiction over Plaintiff's state law claims, and under the *Colorado River* doctrine, the court will dismiss Plaintiff's due process claim against Defendant Benson without prejudice. The court will not abstain at this time from Plaintiff's procedural due process claim against Defendant Garrett. Accordingly,

IT IS ORDERED that Plaintiff's state law claims (Count III and Count IV) and the due process claim against Defendant Benson (Count I) are DISMISSED WITHOUT PREJUDICE.

                                                s/Robert H. Cleland            /
                                                ROBERT H. CLELAND
                                                UNITED STATES DISTRICT JUDGE

Dated: September 14, 2020

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, September 14, 2020, by electronic and/or ordinary mail.

<u>s/Lisa Wagner                /</u>
Case Manager and Deputy Clerk
(810) 292-6522

S:\Cleland\Cleland\JUDGE'S DESK\C2 ORDERS\20-12130.DAVIS.OpinionDismissingStateClaimsandClaimAgainstDefendantBenson.RMK.RHC.2.docx

9