# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

ROBERT DAVIS,

        Plaintiff,

Case No. 20-cv-12130
Hon. Robert H. Cleland

v.

JOCELYN BENSON, in her official
and individual capacities as the Secretary of State,
CATHY M. GARRETT, in her official
and individual capacities as the Wayne County Clerk,

        Defendant.

_____/

| | |
|---|---|
| ANDREW A. PATERSON (P18690) | JANET ANDERSON-DAVIS (P29499) |
| Attorney for Plaintiff | Attorney for Defendant Cathy Garrett |
| 2893 E. Eisenhower Pkwy | 500 Griswold, 21st Floor |
| Ann Arbor, MI 48108 | Detroit, MI 48226 |
| (248) 568-9712 | (313) 347-5813 |
| aap43@outlook.com | Jandersn@waynecounty.com |
| | |
| | ERIK GRILL (P64713) |
| | HEATHER MEINGAST (P55439) |
| | Assistant Attorneys General |
| | Attorneys for Secretary of State Benson |
| | P.O. Box 30736 |
| | Lansing, MI 48909 |
| | (517) 335-7659 |
| | grille@michigan.gov |
| | meingasth@michigan.gov |

_____/

## CATHY M. GARRETT'S MOTION TO DISMISS AMENDED COMPLAINT AND BRIEF IN SUPPORT

# TABLE OF CONTENTS

INDEX OF AUTHORITIES ................................................................................ iii, iv

STATEMENT OF CONCURRENCE ...................................................................... v

QUESTION PRESENTED ...................................................................................... vi

INTRODUCTION ..................................................................................................... 1

STATEMENT OF FACTS ........................................................................................ 2

STANDARD FOR MOTION TO DISMISS ............................................................ 3

ARGUMENT ............................................................................................................. 4

This matter should be dismissed because of lack of subject matter jurisdiction ....... 4

I.     Davis has no standing to bring this action against the County
        Clerk as he has not alleged a concrete injury ................................................... 4
II.    There is no case or controversy because the Clerk did not prejudicially
        affect Davis' rights ........................................................................................... 5
III.   The matter is not ripe for review by this court ................................................ 6
III.   Davis fails to state a Fifth Amendment claim because he does
        not have a constitutionally protected liberty interest ...................................... 7
IV.   Davis is not entitled to a declaratory judgment ............................................ 10

CONCLUSION ........................................................................................................ 13

# INDEX OF AUTHORITIES

**Cases**                                                                                                   **Page**

*Aetna Life Ins. Co of Hartford, Conn Haworth*
  84 F 2d 695, (8th Cir 1936), cert granted 299 U S 536;
  57 S Ct 190 (1936), revd on other grounds 300 U S 227; 57 S Ct 461
  (1937), reh den 300 U S 687; 57 S Ct 667 (1937) ..................................................6

*Bell Atlantic Corp v Twombly*
  550 US 544, 127 SCt 1955 (2007) ...........................................................................3

*Bd of Regents v Roth*
  408 US 564; 92 S Ct 2701 (1972) ............................................................................8

*Dealer Computer Services, Inc v Dub Herring Ford*
  547 F3d 558 (6th Cir 2008) .................................................................................6, 7

*Ford v Reynolds*
  326 F Supp 2d 392 (ED New York 2004) ...............................................................3

*Harris v. McDonald*
  737 F.2d 662, 665 (7th Cir. 1984) ............................................................................8

*Johnson v Interstate Transit Lines*
  163 F 2d 125 (10th Cir 1947) ...................................................................................5

*Kentucky Dep't of Corrections v Thompson*
  490 US 454; 109 SC 1904 (1989) ............................................................................9

*Ludwig v Board of Trustees of Ferris State University*
  123 F 3d 404 (6th Cir. 1997) ....................................................................................3

*MedImmune, Inc v Genetech, Inc*
  549 US 118; 127 S Ct 764 (2007) ..........................................................................11

*Naegele Outdoor Advertising Co, Div of Naegele, Inc v Moulton*
  773 F2d 692 (6th Cir 1985) ......................................................................................8

*Northeast Ohio Coalition for Homeless and Service Employees*
  *Inter Union, Local 1199 v Blackwell*
  467 F 3d 999 (6th Cir 2006) .....................................................................................4

*Norton v Ashcroft*
    298 F3d 547 (6th Cir 2002) ...............................................................................6, 7

*Olim v. Wakinekona*
    461 US 238; 75 L Ed 2d 813; 103 S Ct 1741 .......................................................8

*Pierce v Ohio Dep't of Rehab & Corr*
    284 F Supp 2d 811 (ND Ohio 2003)......................................................................8

*Sandin v. Conner*
    525 U.S. 472; 132 L Ed 2d 418; 115 S Ct 2293 ...................................................8

*Scottsdale Ins Co v Flowers*
    513 F3d 546 (6th Cir 2008) ...........................................................................11, 12

*Steel Co v Citizens for a Better Environment*
    523 U S 83; 118 S Ct 1003 (1998).........................................................................4

*Smith v. Sumner*
    994 F2d 1401 (9th Cir. 1993) ................................................................................8

*Swarthout v Cooke*
    562 US 216; 131 SCt 859 (2011)...........................................................................9

*Tiraco v NY State Board of Elections*
    963 F Supp 2d 184 (ED NY 2013) ...........................................................7, 9, 10

<u>Statutes</u>
MCL §168.23 .................................................................................................................12
MCL §168.31 ..........................................................................................................10, 12
MCL §168.809 ..........................................................................................................7, 12
MCL §169.247 ................................................................................................................2

<u>Other</u>
USCA Const Art. III § 2  .................................................................................................5
28 USCS § 2201..............................................................................................................10
FRCP 12(b) ......................................................................................................................3

## STATEMENT OF CONCURRENCE

Counsel for Wayne County Board of Canvassers sought concurrence for this motion from all counsel. No concurrence was provided by plaintiff.

## QUESTION PRESENTED

Whether this Court has jurisdiction of this matter where Davis has no standing, has failed to state a claim, has no protected liberty interest, there is no case or controversy, and no declaratory judgment should issue?

Plaintiff answers "Yes".
County Clerk answers "No".

## INTRODUCTION

"Systemic processes tend to reward people for making decisions that turn out to be right—creating great resentment among the anointed, who feel themselves entitled to rewards for being articulate, politically active, and morally fervent." Thomas Sowell, *The Vision of the Anointed: Self-Congratulation as a Basis for Social Policy,* https://www.goodreads.com/quotes/tag/entitlement. Here we have a politically active plaintiff who feels entitled because of his convictions.

In Count II Robert Davis alleges his due process was violated by Cathy Garrett's failure to have her office open all day for the August Primary. That allegation is not true – the office was open. (ECF 16- 2). This court should dismiss this matter because Davis' scant assertions do not confer jurisdiction on this court:

- Davis has not alleged a concrete injury.
- The Clerk did not prejudicially affect Davis' rights.
- Ripeness precludes review by this court.
- There is no constitutionally protected liberty interest.
- No declaratory judgment should issue.

## STATEMENT OF FACTS

Robert Davis filed a complaint on August 9, 2020, against the Secretary of State and County Clerk Cathy Garrett ("Clerk") alleging that MCL §169.247 is unconstitutional and that the Secretary of State violated due process by mailing absentee voter applications. (ECF 1).

This Court ordered that Robert Davis show cause by August 27, 202, why the entire case should not be stayed or dismissed without prejudice pursuant to issues of comity, federalism and abstention. (ECF 11). The Court further ordered Robert Davis to show cause why the court should not decline to exercise supplemental jurisdiction over Counts III and IV and dismiss them without prejudice. On August 17, 2020, an amended complaint was filed alleging that the Secretary of State violated due process by mailing absentee voter applications; that the Clerk violated due process by not being open on August 4, 2020, and two similar state counts. (ECF 9).

By order dated September 14, 2020, this Court dismissed the due process claim against the Secretary of State and the two state counts. (ECF 19). The Clerk now files this motion to dismiss the remaining due process claim.

## STANDARD FOR MOTION TO DISMISS

The County asserts that this Court lacks jurisdiction and the matter should be dismissed per FRCP 12(b)(1). Further it asserts that Davis has failed to state a claim upon which relief can be granted and that this matter should be dismissed per FRCP 12(b)(6).

This Court must dismiss this matter if Davis can prove no set of facts supporting his claim that would entitle him to relief. *Ludwig v. Board of Trustees of Ferris State University*, 123 F3d 404, 408 (6th Cir 1997). The complaint must be more than a mere recitation of facts:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, …, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do,... Factual allegations must be enough to raise a right to relief above the speculative level, … ("[T]he pleading must contain something more ... than ... a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"), on the assumption that all the allegations in the complaint are true (even if doubtful in fact), …(Internal citations omitted. Emphasis added).

*Bell Atlantic Corp. v. Twombly*, 550 US 544, 555; 127 SCt 1955, 1965 (2007).

Davis can prove no set of facts to support his claim as required by *Ford v Reynolds*, 326 F Supp 2d 392 (ED New York 2004).

3

Davis alleges sparse facts against the Wayne County Clerk to secure an extraordinary remedy. He states that the County Clerk failed to keep her office open on election night and no one answered his telephone call. From these statements Davis leaps to the conclusion that the Clerk violated his Due Process rights. Such is not the case as this brief reveals to the court.

## ARGUMENT

**This matter should be dismissed because of lack of subject matter jurisdiction.**

**I. Davis has no standing to bring this action against the County Clerk as he has not alleged a concrete injury.**

In evaluating Davis' likelihood of success on the merits, one must first examine the issue of standing. *Northeast Ohio Coalition for Homeless and Service Employees Intern. Union, Local 1199 v Blackwell*, 467 F3d 999, 1010 (6th Cir 2006). Davis must meet the 3-prong test for standing:

- There must be alleged, and ultimately proven, an "injury in fact"—a harm suffered by plaintiff that is concrete and actual or imminent, not conjectural or hypothetical;

- …There must be "causation"—a fairly traceable connection between plaintiff's injury and complained-of conduct of defendant;

- …There must be "redressability"—a likelihood that requested relief will redress alleged injury.

*Steel Co v Citizens for a Better Environment*, 523 US 83, 103; 118 SCt 1003 (1998).

4

The burden of establishing standing rests with Davis. *Id.* In this instance, Davis cannot prove a causal connection between any alleged harm to him and any act of Clerk Cathy M. Garrett. Davis seeks relief against Cathy M. Garrett on the theory that she did not have her office the entire day on August 4, 2020. (ECF 9 ¶¶51 and 53). He has not alleged and cannot prove an injury in fact. He certainly has not shown a concrete harm. Lacking an injury, there is certainly no "fairly traceable connection" to the County Clerk. No further facts need be developed to establish this point. Davis asks for a declaration that the Clerk must have her office open on the November 3, 2020 presidential general election. That allegation that the County Clerk will not have her office open for the upcoming election is simply speculation.

Davis has failed to allege, and cannot show, an injury in fact. There is no nexus or causation between the County Clerk and any perceived injury to him. There is no likelihood for relief. Davis lacks standing and this Court lacks jurisdiction.

## II. There is no case or controversy because the Clerk did not prejudicially affect Davis' rights.

It is axiomatic that before a federal court has jurisdiction, there must be a case or controversy. USCA Const Art III § 2. When a claim is such that judicial power is capable of acting on it, it is considered a case. *Johnson v Interstate Transit Lines,* 163 F2d 125 (10th Cir 1947). There must be a statement of facts

5

showing that defendant is acting or is threatening to act in such a way as to invade, or prejudicially affect the rights of plaintiff. *Aetna Life Ins Co of Hartford, Conn v Haworth,* 84 F2d 695, (8th Cir 1936), cert granted 299 US 536, 57 S Ct 190 (1936), revd on other grounds 300 US 227; 57 S Ct 461 (1937), reh den 300 US 687; 57 S Ct 667 (1937). The Clerk submits that Davis has neither a case nor controversy.

The County Clerk's office was open as required on August 4, 2020. (ECF 16-2). Davis has not made a statement of facts showing that the Clerk is acting or is threatening to act to invade or prejudicially affect his rights. The Clerk receives hundreds of telephone calls on Election Day. It was reasonable for the Clerk's Office to miss a call. The Clerk's Office is housed in the Coleman A. Young Municipal Center – a public building in which the state circuit court is located. That building is open all day election day. Should a member of the public need admission after hours, that person need only present himself to the guard's desk. (Exhibit 1).

**III. The matter is not ripe for review by this court.**

Whether a matter is ripe for review presents a jurisdictional issue for this court because a "court lacks jurisdiction over the subject matter if the claim is not yet ripe for judicial review." *Norton v Ashcroft*, 298 F3d 547, 554 (6th Cir 2002). Ripeness "focuses on the timing of the action." *Dealer Computer Services*,

6

*Inc v Dub Herring Ford*, 547 F3d 558, 560 (6th Cir 2008). "[T]he doctrine serves as a bar to judicial review whenever a court determines a claim is filed prematurely." *Id* at 561. The Court considers three factors:

> When determining whether a dispute is ripe for judicial review, the court considers the following factors: (1) the likelihood that the harm alleged by the party will ever come to pass; (2) the hardship to the parties if judicial relief is denied at this stage in the proceedings; and (3) whether the factual record is sufficiently developed to produce a fair adjudication of the merits.

*Id.*

Here Davis asks that the court order the Clerk to stay open on November 4, 2020. The County Clerk has previously complied with MCL §168.809(3). There is no likelihood that the clerk will fail to do so on November 4, 2020, or that any allege harm will come to Davis. There would be no hardship to Davis if this court denies the requested relief now. Here the factual record is sufficiently developed as this court need only apply *Norton v Ashcroft* and *Dealer Computer Services* to reach a sound result.

**IV.   Davis fails to state a Fifth Amendment claim because he does not have a constitutionally protected liberty interest.**

One must also determine whether Davis possesses a liberty or property interest: "The threshold question in adjudicating a due process claim is whether Plaintiff possessed a liberty or property interest." *Tiraco v NY State Board of Elections*, 963 F Supp 2d 184, 194 (ED NY 2013).

7

> Liberty interests that are afforded protection by the due process clause may arise directly from the Constitution or indirectly from the laws of the state. *Prater*, 289 F.3d at 431-32. Indeed, states may, under certain circumstances, create protected liberty interests that are protected by the due process clause. *Sandin v. Conner*, 515 U.S. 472, 483-84, 132 L. Ed. 2d 418, 115 S. Ct. 2293. The problem with Plaintiffs' claim, however, is that the procedures outlined in Seiter and in the Department's policy do not amount to any substantive interest. There is a distinction between "state-created procedural protections, and the substantive liberty interests those procedures are meant to protect." *Smith v. Sumner,* 994 F.2d 1401, 1406 (9th Cir. 1993); see also *Olim v. Wakinekona*, 461 U.S. 238, 250, 75 L. Ed. 2d 813, 103 S. Ct. 1741 ("Process is not an end in itself. Its constitutional purpose is to protect a substantive interest to which the individual has a legitimate claim of entitlement."); *Harris v. McDonald*, 737 F.2d 662, 665 (7th Cir. 1984) (**mandatory procedural protections cannot, by themselves, be considered a liberty interest). In other words, failing to follow the above procedures does not give rise to a separate constitutional violation under the due process clause**. **To hold otherwise would run the risk of creating an un-ending cycle of constitutional claims, finding due process rights in due process rights and so on. With no asserted protected interest, Plaintiffs have not alleged a viable constitutional violation under procedural due process.** (Emphasis added).

*Pierce v Ohio Dep't of Rehab & Corr*, 284 F Supp 2d 811, 840 (ND Ohio 2003).

In order to establish a due process claim, the statute must create a liberty interest. *Naegele Outdoor Advertising Co, Div of Naegele, Inc v Moulton*, 773 F2d 692 (6th Cir 1985). Generally, to possess a constitutionally protected interest, a person must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it. *Bd of Regents v Roth*, 408 US 564; 92 S Ct 2701 (1972).

Davis' allegations are scant. He has not shown the necessary liberty or property interest of which he has been deprived. He certainly has not shown a legitimate claim of entitlement.

In a procedural due process claim, Davis must also show whether the procedures followed by the State were constitutionally sufficient. *Swarthout v. Cooke*, 562 US 216, 219; 131 SCt 859 (2011), *citing Kentucky Dep't of Corrections v Thompson*, 490 US 454; 109 S C. 1904 (1989). Here, the evidence does not show that the Clerk used procedures different than those mandated by state law. Indeed, according to the Director of Elections, the Clerk met state law. Davis cites no law or case to support his conclusion that the Clerk's alleged failure to maintain an open office confers or violates a due process interest. His arguments do not state a constitutionally protected liberty or property interest and do not state a claim for relief.

The *Tiraco Court* further stated that even were a plaintiff deprived of some constitutionally protected property or liberty interest, no fundamental due process principles are violated if the plaintiff was provided adequate process: "The Due Process Clause does not protect against all deprivations of constitutionally protected interests in life, liberty, or property, only against deprivations without due process of law." (Internal citations omitted). *Tiraco v NY State Board of Elections, Id* 194.

To determine whether the Clerk violated Plaintiffs' due process rights, "it is necessary to ask what process the State provided, and whether it was constitutionally adequate." *Tiraco v NY State Board of Elections, Id* 194. In this instance, Michigan Election Law provides that the Secretary of State may intercede. MCL §168.31(h). Davis was aware that he could use the Michigan Election law process to question the status of the Clerk's Office. He chose not to do so. Davis was also aware that he could use the state of Michigan courts to litigate the issue. This Robert Davis did. Therefore, the processes provided to Davis were adequate. *Tiraco v NY State Board of Elections*, *Id*, 195. These procedures have provided Davis with sufficient notice and opportunity to contest the status of the Clerk's office.

## V.     Davis is not entitled to a declaratory judgment.

The Declaratory Judgment Act permits courts to declare the rights of litigants when there's a case or controversy:

> (a) In a case of actual controversy within its jurisdiction, …, any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 USCS § 2201

The court may exercise its discretion and decide not to declare the rights of the litigants where there is no case or controversy. The Act confers "on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants." *MedImmune, Inc v Genetech, Inc*, 549 US 118, 136; 127 SCt 764 (2007).

Here Davis alleges that the Clerk did not have her office open on August 3, 2020, and that violated his due process rights. As discussed in the above Arguments, this request does not rise to a case or controversy: it is based on conjecture and speculation; shows no concrete injury; and confers no standing on Davis.

The court considers 5 factors when deciding whether to issue a declaratory judgment:

>  (1) whether the declaratory action would settle the controversy;
>
> (2) whether the declaratory action would serve a useful purpose in clarifying the legal relations in issue;
>
> (3) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for res judicata;"
>
> (4) whether the use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and
>
> (5) whether there is an alternative remedy which is better or more effective.

*Scottsdale Ins Co v Flowers*, 513 F3d 546, 554 (6th Cir 2008).

11

As there are no active disputes, a declaratory judgment would neither settle a controversy nor clarify the legal relations of the parties. Moreover, the August Election has passed. State law mandates that the clerk keep her office open on Election Day. MCL §168.809(2). The Secretary of State is the chief elections officer. MCL §168.23. The Secretary of State advises and directs local election officials. MCL §168.31(b) and investigates the administration of election laws. MCL §168.31(h). Any concern that the Clerk's office would not be open on November 4, 2020, should first be addressed to the Secretary of State. A declaratory judgment would not give the proper due to the state court and its procedures. The claim sounds in Michigan Election Law and is dressed as a federal violation. One cannot rule out procedural fencing. A declaratory judgment that the County Clerk infringes on Davis' constitutional rights would cause increased friction between the federal and state court systems. Clearly, there is an alternative remedy: Davis can proceed with the Secretary of State; and if not satisfied, can seek review in the state court and the Michigan Court of Appeals. This alternative will avoid conflicts due to federalism that would occur between the state and federal systems. This court, consistent with *Scottsdale Ins Co v Flowers*, *id*, should deny the declaratory judgment requests.

## CONCLUSION

Cathy M. Garrett requests that this Honorable Court dismiss this matter.

                                              Respectfully submitted,

BY:   /s/J*anet Anderson Davis*
       Janet Anderson Davis (P29499)
       Attorneys for Clerk Cathy Garrett
       500 Griswold, 21st Floor South
       Detroit, Michigan 48226
       313- 347-5813
       jandersn@waynecounty.com

Dated: October 6, 2020

## CERTIFICATE OF SERVICE

I certify that on OCTOBER 6, 2020, I electronically filed a copy of the foregoing with the clerk of the court using the electronic filing system which will send electronic notification of this filing to all parties.

                                              */s/ Susan Sweetman*
                                              Paralegal