## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**ROBERT DAVIS,**                          Case No. 20-cv-12130
          Plaintiff**,**                   **Hon. ROBERT H. CLELAND**

v.

**JOCELYN BENSON**, in her official and individual capacities as the Detroit City Clerk,
**CATHY M. GARRETT,** in her official and individual capacities as the Wayne County Clerk,
          Defendants.

_____/

| | |
|---|---|
| **ANDREW A. PATERSON (P18690)** | **JANET ANDERSON-DAVIS (P29499)** |
| Attorney for Plaintiff | Attorney for Defendant Cathy Garrett |
| 2893 E. Eisenhower Pkwy | 500 Griswold, 21st Floor |
| Ann Arbor, MI 48108 | Detroit, MI 48226 |
| (248) 568-9712 | (313) 347-5813 |
| aap43@outlook.com | Jandersn@waynecounty.com |

ERIK GRILL (P64713)
HEATHER MEINGAST (P55439)
Assistant Attorneys General
Attorneys for Secretary of State Benson
P.O. Box 30736
Lansing, MI 48909
(517) 335-7659
grille@michigan.gov
meingasth@michigan.gov

_____/

## PLAINTIFF'S RESPONSE TO DEFENDANT CATHY GARRETT'S MOTION TO DISMISS (ECF NO. 21).

**NOW COMES** Plaintiff, ROBERT DAVIS, by and through his

attorney, ANDREW A. PATERSON, and for his Response to the

Defendant Secretary of State's Motion to Dismiss (ECF No. 21), states as follows:

## I.    Introduction

Counsel for the Defendant continues to recycle the same frivolous arguments Defendant's counsel has unsuccessfully asserted in other federal cases currently pending in this district.  Despite Plaintiffs' well-pled amended complaint (ECF No. 9), Defendant has nonetheless filed a motion to dismiss Plaintiff's amended complaint (ECF No. 9) that asserts meritless arguments. In fact, Defendant's motion to dismiss (ECF No. 21) is a bit confusing considering on the one hand Defendant argues that Plaintiff's amended complaint (ECF No. 9) should be dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction, but the Defendant's brief fails to provide any legal analysis on how this Court lacks subject matter jurisdiction.  Instead, Defendant spends a considerable amount of time on the frivolous argument that Plaintiff somehow lacks standing.

For the reasons stated below, Defendant's motion to dismiss should be DENIED!

## II.   LAW AND LEGAL ANALYSIS

### A. Dismissal Under Rule 12(b)(1) for Lack of Standing Is Unwarranted Because Plaintiff Has Article III Standing.

Plaintiff Davis, as the party invoking federal subject matter jurisdiction, has the burden of demonstrating that he satisfies each element of Article III standing. *Courtney v. Smith*, 297 F.3d 455, 459 (6th Cir.2002) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992)); see also *Vermont Agency of Natural Resources v. United States ex rel. Stevens*, 529 U.S. 765, 771, 120 S.Ct. 1858, 146 L.Ed.2d 836 (2000) ("As we have frequently explained, a plaintiff must meet three requirements in order to establish Article III standing."). "The irreducible constitutional minimum of standing contains three elements." *Lujan*, 504 U.S. at 560, 112 S.Ct. 2130. First, Plaintiff Davis must show that he has suffered an "injury" in fact. *Id.* Plaintiff Davis must have suffered "a harm that is both 'concrete' and 'actual or imminent, not conjectural or hypothetical.'" *Vt. Agency*, 529 U.S. at 771, 120 S.Ct. 1858 (quoting *Whitmore v. Arkansas*, 495 U.S. 149, 155, 110 S.Ct. 1717, 109 L.Ed.2d 135 (1990)). Second, Plaintiff Davis must establish a causal connection between the alleged injury and the Defendant's conduct of which he

complains. *Lujan*, 504 U.S. at 560, 112 S.Ct. 2130. That is, the injury

must be "fairly traceable" to the Defendant's actions. *Id.* (quoting *Simon*

*v. Eastern Ky. Welfare Rights Organization*, 426 U.S. 26, 41-42, 96 S.Ct.

1917, 48 L.Ed.2d 450 (1976)). Third, Plaintiff Davis must demonstrate

that the injury is redressable in this action. *Vt. Agency*, 529 U.S. at 771,

120 S.Ct. 1858.  There must be a "substantial likelihood," *id.*, as

opposed to mere speculation, that a favorable decision in this court will

redress Plaintiff Davis' alleged injury, *Lujan*, 504 U.S. at 561, 112 S.Ct.

2130.

Here, in the case at bar, Plaintiff Davis satisfies all three elements

to establish Article III standing.  First, the documents and information

Defendant provides as an exhibit (ECF No. 21-1) **DO NOT** establish

that the Defendant's ***Elections Division*** was open all day on the

August 4, 2020 primary election day as Michigan Election Law

required. The documents and information Defendant attaches as ECF

No. 21-1 are documents pertaining to the ***Wayne County Circuit***

***Court being open for the purpose of individuals filing election-***

***related*** <u>***lawsuits***</u> ***on the August 4, 2020 primary election day***.  The

documents Defendant attached as ECF No. 21-1 **DO NOT** in any way

pertain to the Defendant's ***Elections Department*** being open all day on the August 4, 2020 primary election day.  The Court should closely examine the content of the documents filed as ECF No.21-1 and a close review will reveal that said documents pertain to the **Wayne County Circuit Court's protocol for the filing of election day lawsuits**! (ECF No. 21-1). Defendant's counsel's attempt to confuse and mislead this Honorable Court further underscores the lack of ethics of Defendant's counsel.

As Plaintiff properly pled and alleged in his amended complaint (ECF No. 9), not only did Plaintiff attempt calling the Defendant's Department of Elections and calling the Defendant on her personal cell phone, which were unsuccessful, but the Plaintiff also physically drove to the Defendant's office at the Coleman A. Young Municipal Center and Plaintiff could **not gain access to the building**! (See Am.Compl., ECF No. 9, Pg.ID 50-51, ¶¶44-48).  As a result of the Plaintiff not being able to reach the Defendant or any of her staff by phone, and as a result of the Plaintiff unable to gain access to the Defendant's office on the August 4, 2020 primary election day, which was required to be open all

day to members of the public, including the Plaintiff, Plaintiff suffered an "injury in fact".

Mich.Comp.Laws 168.809(2) of Michigan Election Law required "[t]he office of the county clerk shall be open on election day for election purposes ***and shall remain open until the last returns have been received and the clerk completes an unofficial tabulation***." (emphasis supplied). Plaintiff's amended complaint (ECF No. 9), sufficiently pleads facts to show that Defendant's office was not open all day for election purposes and that Plaintiff attempted to gain access to Defendant's office on the August 4, 2020 primary election day, but was denied access. (See Am.Compl., ECF No. 9, Pg.ID 50-51, ¶¶44-48). Plaintiff Davis' "injury" was "concrete" and "actual".

Second, Plaintiff Davis' injury—not having access to the Defendant's office on the August 4, 2020 primary election day—was traceable to the Defendant's conduct of not having Defendant's office open all day for election purposes until all returns were received and an unofficial tabulation was completed.

Third, Plaintiff's injury will be redressable by a favorable ruling in this case.  Plaintiff's amended complaint (ECF No. 9) not only seeks a

declaration from this Court that Plaintiff's procedural due process rights were violated by the Defendant, but Plaintiff's amended complaint (ECF No. 9) also seeks an award of damages that shall be paid and assessed against the Defendant for her unconstitutional conduct.

Accordingly, for the foregoing reasons, Plaintiff has established Article III standing and thus, Defendant's motion to dismiss under Rule 12(b)(1) for lack of standing should be DENIED!

### 1. **Plaintiff's Due Process Claim Is Ripe For Judicial Review**.

Defendant has also asserted the bizarre and frivolous argument that this Court lacks subject-matter jurisdiction because Plaintiff's claim is not ripe for judicial review. "If a claim is unripe, federal courts lack subject matter jurisdiction and the complaint must be dismissed." *Bigelow v. Mich. Dep't of Natural Res.,* 970 F.2d 154, 157 (6th Cir. 1992). "[S]ince ripeness is peculiarly a question of timing, it is the situation now rather than the situation at the time of the District Court's decision that must govern." *Reg'l Rail Reorganization Act Cases*, 419 U.S. 102, 140 (1974); see also *Buckley v. Valeo*, 424 U.S. 1, 114-17 (1976) (considering facts that occurred after the decision of the Court of Appeals in its

ripeness analysis and citing *Regional Rail*); *Casden v. Burns*, 306 F. App'x 966, 972-73 (6th Cir. 2009) (applying *Regional Rail* and considering events occurring after the district court's dismissal to find that claims had become ripe). When assessing ripeness, this Court must "ask two basic questions: (1) is the claim fit for judicial decision in the sense that it arises in a concrete factual context and concerns a dispute that is ***likely to come to pass***? and (2) what is the hardship to the parties of withholding court consideration?" *Warshak v. United States*, 532 F.3d 521, 525 (6th Cir. 2008) (internal quotation marks and alterations omitted) (emphasis supplied); see also *Dealer Computer Servs., Inc. v. Dub Herring Ford*, 547 F.3d 558, 561 (6th Cir. 2008) (breaking the two parts of *Warshak's* first question into separate factors for consideration, thus recasting the ripeness analysis as a three-factor assessment).

Here, Plaintiff's procedural due process claim against the Defendant is clearly ripe for judicial review. Defendant frivolously argues that Plaintiff's due process claim is not ripe for judicial review because Defendant claims that she has complied with the mandate of Mich.Comp.Laws §168.809(2) to remain open all day on election and that Plaintiff will suffer no harm. However, Plaintiff's amended complaint

(ECF No. 9) sufficiently pleads and alleges that the Defendant did not comply with the mandate of Mich.Comp.Laws §168.809(2) and that Plaintiff has legitimate fears that the Defendant again would not comply with Mich.Comp.Laws §168.809(2) for the impending November 3, 2020 presidential general election. (See Am.Compl., ECF No. 9, Pg.ID 50-53, ¶¶41-57). Therefore, contrary to Defendant's flawed arguments, Plaintiff's amended complaint (ECF No. 9) sufficiently pleads and alleges facts that create "the factual record is sufficiently developed to produce a fair adjudication of the merits." *Dealer Computer Servs., Inc.*, 547 F.3d at 560-561.

### B. Dismissal Under Rule 12(b)(6) Is Unwarranted Because Plaintiff Has Adequately and Sufficiently Pled A Procedural Due Process Claim Under The Fourteenth Amendment.

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of the complaint. *RMI Titanium Co. v Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996). "To survive a Rule 12(b)(c) motion to dismiss, a complaint need contain only enough facts to state a claim to relief that is plausible on its face." *Fed.-Mogul U.S. Asbestos Pers. Injury Trust v Cont'l Gas. Co.*, 666 F.3d 384, 387 (6th Cir. 2011). "In considering whether to grant a defendant's motion to dismiss

pursuant to Rule 12(b)(6) a district court must accept as true all the allegations contained in the complaint and construe the complaint liberally in favor of the plaintiff." *Kottmyer v Maas*, 436 F.3d 684, 688 (6th Cir. 2005) (citing *Miller v Currie*, 50 F.3d 373, 377 (6th Cir. 1995)). The Court's function "is not to weigh the evidence or assess the credibility of witnesses but rather to examine the complaint and determine whether the plaintiff has pleaded a cognizable claim." *Marks v Newcourt Group, Inc.*, 342 F.3d 444, 452 (6th Cir. 2003) (internal citations omitted).

Pursuant to the Supreme Court's holding in *Bell Atlantic Corp v Twombly*, 550 U.S. 544, 127 S. Ct. 1955 167 L.Ed.2d 929 (2007) ("*Twombly*"), to survive a motion to dismiss, a complaint, need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action..." 550 U.S. at 570. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v Iqbal*, 556 U.S. 662, ____, 129 S. Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting *Twombly*, 550 U.S. at 570).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556).  The plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough facts 'to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct].'" *Twombly*, 550 U.S. at 556.  Accordingly, "[a] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Coley v Gibson*, 355 U.S. 41, 45-46, 2 L.Ed.2d 80, 78 S. Ct. 99 (1957); see also *Mayer v Mylod*, 988 F.2d 635, 637-638 (6th Cir. 1993).

Plaintiff's amended complaint (ECF No. 9) "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663, 129 S. Ct. at 1949, and it pleads and sets forth "enough facts to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Twombly*, 550 U.S. at 556.  Moreover, "when a complaint adequately states a claim, it may not be dismissed based on a district court's

assessment that the plaintiff will fail to find evidentiary support for his allegations or prove his claim to the satisfaction of the fact finder." *Twombly*, 550 U.S. at 563 n.8.  Therefore, on such basis, Defendant's Rule 12(b)(6) motion to dismiss (ECF No. 29) should also be DENIED!

The Due Process Clause of the Fourteenth Amendment provides that no state shall "deprive any person of life, liberty, or property without due process of law." U.S. Const. amend. XIV, § 1; see also *Seal v Morgan*, 229 F.3d 567, 574 (6th Cir. 2000).  Therefore, "[t]o establish either a substantive or procedural due process violation, [plaintiff] must first show that the [government official] deprived it of a constitutionally protected liberty or property interest." *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 431 (6th Cir.2002).

To establish a claim for violation of procedural due process, "a plaintiff must show that (1) it had a life, liberty, or property interest protected by the Due Process Clause; (2) it was deprived of this protected interest; and (3) the state did not afford it adequate procedural rights." *Daily Servs., LLC v. Valentino*, 756 F.3d 893, 904 (6th Cir. 2014). In *Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 577 (1972), the Supreme Court stated that property interests "are not created by the

Constitution," but "are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law—rules or understandings that secure certain benefits and that support claims of entitlement to those benefits." *Id.* "A property interest can be created by a state statute, a formal contract, or a contract implied from the circumstances." *Singfield v. Akron Metro. Hous. Auth.*, 389 F.3d 555, 565 (6th Cir. 2004).   However, in order to have a property interest in a benefit, a person must have more than "an abstract need or desire for it" or "a unilateral expectation of it." *Roth*, 408 U.S. at 577. "He must, instead, have a legitimate claim of entitlement to it." *Id.*

"Liberty interests may arise from two sources — the Due Process Clause itself and the laws of the States." *Tony L. v. Childers*, 71 F.3d 1182, 1185 (6th Cir. 1995) (quotations omitted). "State-created liberty interests arise when a state places 'substantive limitations on official discretion.'" *Id.* (quoting *Olim v. Wakinekona*, 461 U.S. 238, 249 (1983)). "A state may create such limitations by 'establishing substantive predicates to govern official decision-making . . . and, further, by mandating the outcome to be reached upon a finding that the relevant criteria have been met.'" *Jasinski v. Tyler*, 729 F.3d 531, 541 (6th Cir.

2013) (quoting *Tony L.,* 71 F.3d at 1185) (alterations in *Jasinski*). "The state statutes or regulations in question also must use 'explicitly mandatory language' requiring a particular outcome if the articulated substantive predicates are present." *Tony L.*, 71 F.3d at 1185 (quoting *Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 545, 463 (1989)). "Finally, the statute or regulation must require a particular substantive outcome." *Id.*

Here, Plaintiff's amended complaint (ECF No. 9) sufficiently pleads and alleges that Plaintiff had a statutory right and protected property interest under Mich.Comp.Laws §168.809(2) to receive up-to-the minute election results from the August 4, 2020 primary election as they were being compiled by the Defendant and Plaintiff had a statutory right and protected property interest under Mich.Comp.Laws §168.809(2) to have access to Defendant's office on the August 4, 2020 primary election date to obtain up-to-date election results. (See Am.Compl., ECF No. 9, Pg.ID 50-53).

Mich.Comp.Laws §168.809(2) uses the mandatory term 'shall'. "The word 'shall' denotes mandatory action." *Smith v Dept. of Human Services Director*, 297 Mich.App. 148,___; 822 NW2d616, 628 (2012),

citing *Costa v Community Emergency Med. Servs., Inc.,* 475 Mich. 403, 409; 716 NW2d 236 (2006).  Therefore, Plaintiff had more than "an abstract need or desire for it" or "a unilateral expectation of it." *Roth*, 408 U.S. at 577. Rather, here, Plaintiff has "a legitimate claim of entitlement to it." *Id*.

## CONCLUSION

**WHEREFORE**, for the foregoing reasons, Plaintiff Davis prays that this Honorable Court DENY Defendant Cathy Garrett's motion to dismiss (ECF No. 21).

Dated: November 3, 2020          Respectfully submitted,
                                 */s/ ANDREW A. PATERSON*
                                 ANDREW   A.   PATERSON   (P18690)
                                 Attorney for Plaintiff
                                 2893 E. Eisenhower Pkwy
                                 Ann Arbor, MI 48108
                                 (248) 568-9712

## CERTIFICATE OF SERVICE

I, ANDREW A. PATERSON, certify that the foregoing

document(s) was filed and served via the Court's electronic case filing

and noticing system (ECF) this 3rd day of November, 2020, which will

automatically send notification of such filing to all attorneys and parties

of record registered electronically.

Respectfully submitted,

/s/ ANDREW A. PATERSON
ANDREW A. PATERSON (P18690)
Attorney for Plaintiff