# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**ROBERT DAVIS,**

      Plaintiff**,**

Case No. 20-cv-12130

**Hon. ROBERT H. CLELAND**

v.

**JOCELYN BENSON**, in her official and individual capacities as the Detroit City Clerk,

**CATHY M. GARRETT,** in her official and individual capacities as the Wayne County Clerk,

      Defendants.

_____/

| | |
|---|---|
| **ANDREW A. PATERSON (P18690)** | **JANET ANDERSON-DAVIS (P29499)** |
| Attorney for Plaintiff | Attorney for Defendant Cathy Garrett |
| 2893 E. Eisenhower Pkwy | 500 Griswold, 21st Floor |
| Ann Arbor, MI 48108 | Detroit, MI 48226 |
| (248) 568-9712 | (313) 347-5813 |
| aap43@outlook.com | Jandersn@waynecounty.com |
| | |
| | ERIK GRILL (P64713) |
| | HEATHER MEINGAST (P55439) |
| | Assistant Attorneys General |
| | Attorneys for Secretary of State Benson |
| | P.O. Box 30736 |
| | Lansing, MI 48909 |
| | (517) 335-7659 |
| | grille@michigan.gov |
| | meingasth@michigan.gov |

_____/

# **PLAINTIFF'S EMERGENCY MOTION FOR EXTENSION OF TIME TO FILE RESPONSE TO DEFENDANT CATHY GARRETT'S MOTION TO DISMISS (ECF NO. 21) PURSUANT TO FED.R.CIV.P 6(b)(1)(B).**

NOW COMES PLAINTIFF, ROBERT DAVIS, by and through his attorney, ANDREW A. PATERSON, and for his Emergency Motion for Extension of Time to File Response to Defendant Cathy Garrett's Motion to Dismiss (ECF No.21) Pursuant to Fed.R.Civ.P. 6(b)(1)(B), states the following:

## I.     Introduction

Prior to filing the instant motion, pursuant to Local Court Rule 7.1(a), counsel for Plaintiff's sought concurrence from counsel for Defendant Cathy Garrett, but concurrence was expressly denied, thus necessitating the filing of this motion.

On October 6, 2020, Defendant Cathy Garrett filed a motion to dismiss. (ECF No. 21). In accordance with Local Rule 7.1(e)(1)(B), Plaintiff's response to Defendant's motion to dismiss (ECF No. 21) **was due on October 27, 2020**. Today, Plaintiff's counsel filed Plaintiff's response in opposition to Defendant's motion to dismiss [21] (ECF No. 23).

Plaintiff respectfully requests this Honorable Court to grant his emergency request for extension of time, extending the time to respond to **today**, November 3, 2020, and accept for filing Plaintiff's response in

opposition to Defendant's motion to dismiss (ECF No. 21), which has been properly docketed as ECF No. 23.

## II. Law and Legal Analysis

When the motion is made (as here) ***after*** the deadline has expired, an extension may be granted if the party "failed to act because of ***excusable neglect***." Fed. R. Civ. P. 6(b)(1)(B). As the Sixth Circuit has explained, unlike the somewhat amorphous "good cause" test, the heightened "excusable neglect" standard requires a "balancing of five principal factors: (1) the danger of prejudice to the nonmoving party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, (4) whether the delay was within the reasonable control of the moving party, and (5) whether the late-filing party acted in good faith." *Nafziger v. McDermott Int'l, Inc.,* 467 F.3d 514, 522 (6th Cir. 2006).

In the case at bar, the five principal factors weigh in favor of granting Plaintiff's instant motion pursuant to Fed.R.Civ.P. 6(b)(1)(B). There is simply no prejudice to the nonmoving party if Plaintiff's instant motion is granted because the hearing on Defendant's motion to dismiss is not **until December 16, 2020**. (ECF No. 22). Consequently, the

Defendant will be prejudiced in any way considering the Defendant will have ample time to file a reply in accordance with the local court rules prior to the December 16th hearing.

With respect to factor number two, the length of the delay **is just a mere 7 days**. This 7-day delay will not in any way adversely affect the timely adjudication of the pending amended motion to dismiss (ECF No. 21) considering the hearing on Defendant's motion to dismiss (ECF No. 21) **is more than a month away (December 16th).** (See Notice of Hearing, ECF No. 22).

With respect to the third factor, the reason for the delay was due to Plaintiff's and Plaintiff's counsel's heavy case load caused by emergency election-related matters. As this Court is keenly aware, Plaintiff and Plaintiff's counsel are involved in multiple election-related cases that are either pending in this Court or in other state and/or federal courts.

With respect to factor four, although Plaintiff could have filed the instant motion prior to today, Plaintiff's counsel believed that Defendant's counsel would extend the same professional courtesy as Plaintiff's counsel has extended to Defendant's counsel.  The Court shall

take judicial notice of the fact that this Court recently granted Defendant's **unopposed** motion for extension of time to file Defendant's pending motion to dismiss. As this Court is aware, Plaintiffs' counsel has been immersed in other emergency election-related matters. Plaintiff and Plaintiff's counsel apologizes to the Court for not meeting the deadline to file Plaintiff's response to Defendant's motion to dismiss (ECF No. 21).

Lastly, with respect to factor five, Plaintiff and his counsel have certainly acted in good faith. Upon realizing the filing deadline had been missed, Plaintiff's counsel promptly sought concurrence from counsel for the Defendant and Plaintiff promptly filed the instant emergency motion once concurrence was denied. Again, Plaintiff's instant motion does not in any way jeopardize, impair, or delay the Court's ability to timely adjudicate Defendant's pending motion to dismiss (ECF No. 21), which is scheduled for a hearing on December 16th, and Plaintiff's request **for a modest 7-day extension was reasonable**.

In closing, for the forgoing reasons, Plaintiff has satisfied the five factors establishing reasonable neglect for the untimely filing of

Plaintiff's response to Defendant's motion to dismiss (ECF No. 21). Accordingly, Plaintiff prays that this Honorable Court grants his request for a 7-day extension to file a response to Defendant's motion to dismiss (ECF No. 21), thus making Plaintiff's response **due today, November 3, 2020. Plaintiff also prays that this Honorable Court accepts for filing Plaintiff's response in opposition to Defendant's pending motion to dismiss (ECF No. 21), which has been properly docketed as ECF No. 23.**

## CONCLUSION

**WHEREFORE**, for the foregoing reasons, Plaintiff prays that this Honorable Court GRANT Plaintiff's Emergency Motion for Extension of Time Pursuant Fed.R.Civ.P. 6(b)(1)(B) and allow Plaintiff **until today, November 3, 2020,** to file a response to Defendant's motion to dismiss (ECF No. 21), **and accept for filing Plaintiff's response in opposition to Defendant's motion to dismiss (ECF No. 21), which has been properly docketed as ECF No. 23.**

Dated: November 3, 2020                     Respectfully submitted,

/s/ ANDREW A. PATERSON
ANDREW A. PATERSON (P18690)
Attorney for Plaintiff
2893 E. Eisenhower
Ann Arbor, MI 48108
(248) 568-9712

## CERTIFICATE OF SERVICE

I, ANDREW A. PATERSON, certify that forgoing document(s) was filed and served via the Court's electronic case filing and noticing system (ECF) this 3rd day of November, 2020, which will automatically send notification of such filing to all attorneys and parties of record registered electronically.

Dated: November 3, 2020                     Respectfully submitted,

/s/ ANDREW A. PATERSON
ANDREW A. PATERSON (P18690)
Attorney for Plaintiff
2893 E. Eisenhower Pkwy
Ann Arbor, MI 48108
(248) 568-9712
aap43@outlook.com