UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

ROBERT DAVIS,

        Plaintiff,

v.                                                             Case No. 20-12130

CATHY M. GARRETT,

        Defendant.
_____/

**OPINION AND ORDER DENYING PLAINTIFF'S EMERGENCY MOTION FOR EXTENSION OF TIME, GRANTING DEFENDANT'S MOTION TO DISMISS, AND DISMISSING THIS CASE**

Plaintiff Robert Davis alleges Defendant Cathy M. Garrett, Wayne County Clerk, violated his procedural due process rights by not keeping the Clerk's Office open all day for the August 4, 2020 primary election. (ECF No. 9, PageID.50-54, Count II.) Defendant moves to dismiss the claim. (ECF No. 21.) According to the local rules, a response was due within twenty-one days, E.D. Mich. LR 7.1(e)(1)(B), and Plaintiff did not file a timely response. The court does not find a hearing to be necessary, E.D. Mich. LR 7.1(f)(2), and for the reasons provided below, the motion will be granted.

Plaintiff filed suit on August 9, 2020, against Defendant and Jocelyn Benson, the Michigan Secretary of State. Plaintiff's amended complaint included four claims. The first was a due process claim against the Michigan Secretary of State for the mailing of unsolicited absentee ballot applications. (ECF No. 9, PageID.42-50.) The second was a procedural due process claim against Defendant for not keeping the Clerk's Office open all day on August 4, 2020. (*Id.*, PageID.50-54.) The remaining two claims were under

state law and asked that the court order Defendant to keep Clerk's Office open on November 3, 2020, (*id.*, PageID.54-57.), and order Defendant to not mail unsolicited absentee ballot applications for the general election. (*Id.*, PageID.57-60.)

On September 14, 2020, the court issued an opinion declining to exercise supplemental jurisdiction over Plaintiff's state claims. (ECF No. 19, PageID.168-69.) The court also applied the *Colorado River* abstention doctrine and dismissed the Michigan Secretary of State. *See Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817 (1976). (*Id.*, PageID.169-71.) The only remaining claim was Plaintiff's procedural due process count against Defendant. (*Id.*, PageID.171-74.)

On October 6, 2020, Defendant moved to dismiss the claim. (ECF No. 21.) Plaintiff had twenty-one days to file a response, E.D. Mich. LR 7.1(e)(1)(B), which expired on October 27, 2020. Twenty-eight days after Defendant filed her motion, Plaintiff filed a response and moved for an extension of time. (ECF Nos. 23, 24.)

Federal Rule of Civil Procedure 6(b)(1) provides that if a motion to extend time is "made after the time has expired" the moving party must show "excusable neglect" to obtain an extension. Plaintiff and his attorneys' explanation for their failure to comply with the court's deadlines is their involvement in other cases. The court is not persuaded that this amounts to excusable neglect. Fed. R. Civ. P. 6(b)(1)(B). It is an attorney's responsibility to organize and manage his or her caseload, and "inadvertence . . . do[es] not usually constitute excusable neglect." *Pioneer Inv. Servs. Co. v. Brunswick Ass. Ltd.*, 507 U.S. 380, 392 (1993); *see also Baker v. Raulie*, 879 F.2d 1396, 1400 (6th Cir. 1989) ("[T]he fact that an attorney is 'busy' on another matter does

not constitute excusable neglect."). Accordingly, Plaintiff's motion for an extension of time will be denied.

Even if the court considered Plaintiff's response, Defendant's motion must still be granted.

Under Federal Rule of Civil Procedure 12(b)(6), a party can move to dismiss a complaint for "failure to state a claim upon which relief can be granted." In considering a motion to dismiss, the court must "construe the complaint in the light most favorable to the plaintiff and accept all factual allegations as true." *Laborers' Local 265 Pension Fund v. iShares Trust*, 769 F.3d 399, 403 (6th Cir. 2014). "To survive a motion to dismiss, a complaint must contain factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft*, 556 U.S. at 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Determining plausibility is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. The plaintiff must present "more than labels and conclusions." *Twombly*, 550 U.S. at 545. "[A] formulaic recitation of a cause of action's elements will not do." *Id.*

Defendant presents several reasons for dismissing Plaintiff's remaining claim. (ECF No. 21, PageID.218-26.) The court finds them all convincing, but one point is especially persuasive: Plaintiff has no legally cognizable interest under the Due Process Clause in having the Clerk's Office open on election day.

Plaintiff alleges that he has a "property interest to receive election results as they were being compiled by . . . Defendant" and to "have access to . . . Defendant County Clerk's [O]ffice on the August 4, 2020[,] primary election to obtain up-to-date election results." (ECF No. 9, PageID.52-53.) To bring a procedural due process claim, Plaintiff must show "(1) he had a life, liberty, or property interest protected by the Due Process Clause; (2) he was deprived of this protected interest; and (3) the state did not afford him adequate procedural rights prior to depriving him of the property interest." *Women's Med. Pro. Corp. v. Baird*, 438 F.3d 595, 611 (6th Cir. 2006). "Property rights are created and defined not by the Constitution but by independent sources such as state law." *Warren v. City of Athens*, 411 F.3d 697, 708 (6th Cir. 2005).

Property rights are tailored and narrowly defined interests that are under the possession and control of individuals, not the public. *See Risko v. Grand Haven Charter Tp. Zoning Bd. of Appeals*, 284 Mich. App. 453, 773 N.W.2d 730, 735-36 (2009) (quoting *Black's Law Dictionary* (8th ed. 2004)) ("[P]roperty is the right to possess, use, and enjoy a determinate thing . . . 'property right' is defined as a right to specific property, whether tangible or intangible; and 'right' is defined in relevant part as something that is due to a person[,] a power, privilege, or immunity secured to a person by law."); 20 Mich. Civ. Jur. *Personal Property* § 1 ("[Property is] usually understood to include the exclusive right of possessing, enjoying, and disposing of a thing."). "To have a property interest . . . a person clearly must have more than an abstract need or desire for it." *Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 577 (1972). "[V]iolations of state law do not 'automatically translate into a deprivation of procedural due process.'"

4

*Wedgewood Ltd. P'ship I v. Twp. of Liberty*, 610 F.3d 340, 354 (6th Cir. 2010) (quoting *DePiero v. City of Macedonia*, 180 F.3d 770, 788 (6th Cir. 1999)).

The complaint cites Mich. Comp. Laws § 168.809(2), which requires the Clerk's Office to be open on election days. (ECF No. 9, PageID.52-53.) The provision states that "[t]he office of the county clerk shall be open on election day for election purposes and shall remain open until the last returns have been received and the clerk completes an unofficial tabulation." Mich. Comp. Laws § 168.809(2). However, the complaint cites no precedent holding the provision creates an individual property interest. From the court's independent research, no case from the Supreme Court, Sixth Circuit, or Michigan courts has made such a finding. In fact, the relevant section of Michigan code has not been cited by any appellate court since 1912. *See Abbott v. Bd. of Canvassers of Montcalm Cnty.*, 172 Mich. 416, 417-18 (1912). Further, the court is unable to discover any relevant precedent creating a property right in a government office being open at a given date and time.

The availability of a Clerk's Office is not an individualized right or entitlement; it is not an exclusive benefit reserved to Plaintiff. *See* Mich. Civ. Jur., *supra*; *Roth*, 408 U.S. at 577. Plaintiff has no ownership interest or legal title in the Clerk's Office and does not "possess, use, [or] enjoy" it himself. *Risko*, 773 N.W.2d at 735-36; *see also Mich. Bell Tel. Co. v. Dep't of Treasury*, 445 Mich. 470, 478 (1994) (quotations removed) (finding that "property" includes "everything which is the subject of ownership" and "legal title"). The Clerk's Office is open for the benefit of the public and the citizens of Michigan as a whole. No single individual has power, control, or access to it.

Plaintiff's remaining claim is not based in property rights; it is a generalized complaint of government action taken against state law. Yet that, by itself, does not state a valid procedural due process claim. *Wedgewood Ltd. P'ship I*, 610 F.3d at 354. The remaining count against Defendant will be dismissed. Fed. R. Civ. P. 12(b)(6). Accordingly,

IT IS ORDERED that Plaintiff's "Emergency Motion for Extension of Time" (ECF No. 24) is DENIED.

IT IS FURTHER ORDERED that Defendant's "Motion to Dismiss" (ECF No. 21) is GRANTED. This case is DISMISSED.

      s/Robert H. Cleland              /
      ROBERT H. CLELAND
      UNITED STATES DISTRICT JUDGE

Dated:  November 9, 2020

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, November 9, 2020, by electronic and/or ordinary mail.

      s/Lisa Wagner                  /
      Case Manager and Deputy Clerk
      (810) 292-6522